# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN GREENE *et al.*, | ) | Case No.  2:10-cv-00038 |
| | ) | |
| Plaintiffs, | ) | Judge SARGUS |
| | ) | |
| v. | ) | Magistrate Judge KEMP |
| | ) | |
| AB COASTER HOLDINGS, INC. | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **MOTION TO DISMISS OR** |
| Defendant. | ) | **TRANSFER PROCEEDINGS** |

# TABLE OF CONTENTS

I.     Introduction ................................................................................................... 1

II.    Statement of Facts ......................................................................................... 2

III.   Argument ....................................................................................................... 5

    A.    Declaratory Relief Is Proper to Resolve the Controversy Created
        by Ab Coaster's Allegations. ................................................................. 5

    B.    The Relevant Factors under § 1404(a) Strongly Favor Ohio. ............... 6

        1.    Transfer Will Not Serve the Interests of Justice and
            Judicial Economy. ..................................................................... 7

        2.    The Greenes's Choice of Forum Should Be Given Substantial
            Weight Because They Reside in Ohio. ....................................... 8

        3.    The Locus of Operative Events Strongly Favors Ohio. ............ 9

        4.    Convenience of Parties and Witnesses Strongly Favors Ohio. ............ 11

            a.    Ab Coaster and its Representatives are Located in Delaware
                and New Jersey. ............................................................. 11

            b.    The Greenes Are Located in Ohio. ............................... 11

            c.    Ab Coaster's Claimed Third-Party Witnesses Are Not
                Relevant to the Dispute with the Greenes. ................... 12

        5.    The Location of Physical Evidence Strongly Favors Ohio. ................... 13

        6.    Overall Expense to the Parties Favors Ohio. ........................... 14

        7.    Familiarity with State Law Deserves Little Weight. ................ 15

    C.    The Complaint as Filed is Sufficient under Federal Notice
        Pleading Standards. .............................................................................. 15

    D.    This Court Has Subject Matter Jurisdiction Over the Controversy Created
        by Ab Coaster's Baseless Allegation of Copyright Infringement. .................... 17

        1.    The § 441(a) Registration Requirement Does Not Limit this
            Court's Jurisdiction. ................................................................. 17

        2.    The Greenes Intend to Seek Attorneys Fees Under
            17 U.S.C. § 505 for Ab Coaster's Unfounded Claim for
            Copyright Infringement and Statutory Damages. ................... 18

IV.    Conclusion ................................................................................................... 19

<u>**MEMORANDUM**</u>

# I.     Introduction

The declaratory judgment action filed by Brian Greene, Penny Greene, and

Professional Billing Consultants, Inc. (collectively "the Greenes") is a valid request to resolve

the uncertainty in the legal relations between the Greenes and Ab Coaster Holdings, Inc., an

uncertainty created by Ab Coaster's meritless claims for patent infringement, copyright

infringement, and trademark infringement in its November 12, 2009 demand letter to the

Greenes.   As such, this Court should neither dismiss nor transfer this case.  Conserving

judicial resources, reducing expense to all parties, and comprehensively and expeditiously

disposing of litigation merit denial of Ab Coaster's motion to dismiss or transfer.

After the Greenes filed this action, Ab Coaster filed a duplicate action (case no. 2:10-

cv-0397, *Ab Coaster v. Greene et al.*) in the Central District of California, which the Greenes

promptly moved to transfer to this Court.  On March 18, 2010, Judge Fairbank of the

Central District of California found that the balance of factors relevant to a section 1404(a)

analysis weigh in favor of the Southern District of Ohio, and ordered the California action

transferred to this district for consolidation with the present action. Additionally, the

California court found the four new parties identified by Ab Coaster in its Amended

Complaint were unrelated to the Greenes and improperly joined in the California action.

The court therefore dismissed those parties.  (A copy of Judge Fairbank's Order and Ruling

are attached hereto as Exhibit 1 (hereinafter "Transfer Order".))

Ab Coaster's motion to dismiss or transfer the present case relies upon the same facts

and arguments rejected by the California court.  In view of the California court's finding that

the Southern District of Ohio is the more convenient venue, Ab Coaster's motion in this case is effectively moot.

The Greenes request that case no. 2:10-cv-0397 be consolidated with the present action for further proceedings. Ab Coaster may plead its claims against the Greenes from the California action as compulsory counterclaims in the present action.

## II. Statement of Facts

Brian and Penny Greene are residents of Lancaster, Ohio. (Ex. 2, First Affidavit of Penny Greene ¶ 1, hereinafter "Greene Aff.") Penny Greene is the owner of Professional Billing Consultants, Inc. ("PBC"), and operates PBC from her home in Lancaster. (*Id.* ¶ 2.) The records of all the Greenes' business activities are stored at their home in central Ohio. (*Id.* ¶ 5.) The Greenes engage in reselling mostly used products through third-party websites such as e-Bay® and craigslist®. (*Id.* ¶ 6.) During 2009, the Greenes resold several units of the abdominal exercise devices that are the subject of this dispute through these websites. (*Id.* ¶¶ 7-8.)

Ab Coaster Holding, Inc. ("Ab Coaster") is a Delaware Corporation with its principle place of business in Wilmington, Delaware. Dkt. No. 9-2, Ab Coaster's First Amended Complaint, no. 2:10-cv-0397, at ¶ 1(C.D. Cal. filed Feb. 22, 2010) (hereinafter "CDCA Compl."). Ab Coaster markets the abdominal exercise device known as the "Ab Coaster" and claims ownership of certain patents and other intellectual property associated with that device. (*Id.* ¶¶ 9-10).

On November 12, 2009, Ab Coaster, through counsel, sent a letter to the Greenes asserting a multitude of claims, including infringement of seven (7) patents, as well as,

trademark infringement, copyright infringement, and federal and state unfair competition. After several letters, emails, and phone calls were exchanged, it became clear that Ab Coaster's demands were disproportionate to the merits of its claims and based instead upon the threat of expensive litigation in California. The Greenes have since learned that Ab Coaster has previously used this same tactic against other Ohio residents. *See Ab Coaster Holdings, Inc. v. Netnetstore.com et al.*, no. cv-08-07968 (C.D. Cal. 2008) (settled Mar. 17, 2009).

In light of Ab Coaster's unreasonable demands, and to resolve the controversy created by Ab Coaster's November 12, 2009 claims of infringement, the Greenes filed this declaratory judgment action against Ab Coaster on January 13, 2009. The Greenes waited nearly six (6) weeks after the November 30, 2009 deadline set by Ab Coaster for resolution of this dispute, before filing their action in this Court. The complaint as filed addresses each and every allegation made by Ab Coaster against the Greenes in its letter of November 12, 2009. Seeking to minimize litigation costs however, the Greenes elected to delay service of the complaint, still hopeful that Ab Coaster would reconsider its position with regard to settlement. Ab Coaster has been aware of the filing of the this case complaint since at least January 14, 2009, and formal service was completed on February 1, 2010.

Since being contacted by Ab Coaster on November 12, 2009, the Greenes have ceased all sales activity with regard to the allegedly infringing products and advised Ab Coaster that they are eager to resolve this dispute in the most expeditious and cost effective manner possible. (Greene Aff. ¶ 9.)

After the Greenes filed their complaint in the Southern District of Ohio ("SDOH"), Ab Coaster commenced a duplicate action in the United States District Court for the Central

District of California ("CDCA"), case no. cv-10-0397 (C.D. Cal. filed Jan. 23, 2010),

hereinafter "CDCA Compl."). In spite of the sweeping allegations in its November 12,

2009, letter, Ab Coaster's complaint did not allege infringement of U.S. Patent No. 7,232,404

or include any claim of copyright infringement — both at issue in this case. As such, the

California case could not resolve the entire controversy between the parties, while this

declaratory judgment action will.

On February 11, 2010, the Greenes filed a motion to transfer the California action to

this Court. Subsequently, Ab Coaster filed a First Amended Complaint, a copy of which was

attached to Ab Coaster's motion to transfer filed with this Court. *See* Dkt No. 9-2. In both

its motion to this Court and its amended complaint, Ab Coaster identifies four new entities,

two Chinese companies and two individuals within the United States whom it alleges have

engaged in importing infringing devices (collectively the "New Parties"). These New Parties

are unrelated to the Greenes, and prior to receiving a copy of the amended complaint, the

Greenes had never heard of nor conducted any business with any of the New Parties. *See*

Second Affidavit of Penny Greene, at ¶¶ 7-9.

Both Ab Coaster and the Greenes fully briefed the merits of resolving this dispute in

Ohio rather than in California, and on March 15, 2010 the California court heard oral

argument on the motion. After consideration of the briefing and arguments presented, the

California court found that the section 1404(a) analysis weighed in favor of transfer to Ohio.

Transfer Order, Ex. 1 at 10. The California court also found the New Parties were unrelated

to the Greenes, dismissed the New Parties as improperly joined in the California action, and

transferred the case to this Court.

## III.    Argument

### A.    Declaratory Relief Is Proper to Resolve the Controversy Created by Ab Coaster's Allegations.

The present case is precisely the type of concrete dispute for which declaratory judgment is proper. *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (noting "dispute must be definite and concrete, touching the legal relations of parties having adverse legal interests" and must be "real and substantial"). As the Federal Circuit has observed, "[t]he purpose of the Declaratory Judgment Act … in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987). Specifically, the Greenes need clarity regarding their legal rights relative to the inventory they are currently storing here in Ohio.

Ab Coaster created the present controversy through its November 12, 2009, demand letter to the Greenes. That letter asserted various claims, many of which lack any legal or factual basis whatsoever, such as the claim for statutory damages for copyright infringement. To resolve the uncertainty relating to Ab Coaster's claims, the Greenes sought the declaratory relief requested in the present complaint. The requested relief is necessary given the uncertainty created by Ab Coaster, and "the now more lenient legal standard facilitates or enhances the availability of declaratory judgment jurisdiction in patent cases." *Micron Tech., Inc. v. Mosaid Tech., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008) (noting that for declaratory judgment cases such as this "the jurisdiction question is basically the same as a transfer [analysis] under §1404(a)").

Moreover, this case more than satisfies the factors relevant to exercising declaratory judgment jurisdiction as articulated by the Sixth Circuit. *See AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004). The Greenes's complaint captures all the allegations raised by Ab Coaster in its demand letter. All the claims identified by Ab Coaster in its motion and its subsequently filed California complaint are compulsory counterclaims in this case. Fed. R. Civ. P. 13(a); *Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795 (Fed. Cir. 1999) ("When the same patent is at issue in an action for declaration of noninfringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived."). The present case will therefore "settle the controversy" and "serve a useful purpose in clarifying the legal relations at issue." *AmSouth*, 386 F.3d at 785.

The Greenes attempted in good faith to resolve this dispute and only when it became apparent that Ab Coaster intended to extract a nuisance settlement through the threat of litigation in California were the Greenes forced to bring this action. Additionally, the Greenes require resolution of this dispute before they can resume their business of selling used products on e-Bay. *See Zimmer Enter., Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 983, 989 (S.D. Ohio 2007) (finding "protecting its ability to market and distribute" the accused products was a proper purpose for filing a declaratory judgment action).

### B.     The Relevant Factors under § 1404(a) Strongly Favor Ohio.

The relevant factors under a § 1404(a) analysis demonstrate that Ohio is the more convenient forum for resolving this dispute. In declaratory judgment cases such as this, the issue of declaratory judgment jurisdiction and the section 1404 transfer analysis are

essentially the same inquiry. *Micron*, 518 F.3d at 902 (noting that for cases such as this "the jurisdiction question is basically the same as a transfer [analysis] under §1404(a)").

### 1. Transfer Will Not Serve the Interests of Justice and Judicial Economy.

The first-filed rule weighs strongly against transfer of this case. After two months of unproductive negotiations and seeking resolution of the issues, the Greenes were the first party to file suit in this dispute over the abdominal exercise equipment. "In general, under the 'first-filed' rule, the first-filed action will be given priority and be allowed to proceed in favor of the latter action, unless convenience or other special circumstances dictate departure from the rule." Moore, § 111.13[1][o][ii][A], at 111-95 (collecting cases).

Ab Coaster does not dispute that the Ohio action is in fact the "first-filed" action. Nor does Ab Coaster dispute that the Sixth Circuit, Ninth Circuit, and Federal Circuit all apply the general rule favoring the forum of the first-filed case. *Zide Sport Shop of Ohio, Inc. v. Ed Tobergate Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001); *Pacesetter Systems, Inc. v. Medtronic*, 678 F.2d 93, 95 (9th Cir. 1982); *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

Rather, Ab Coaster attempts to avoid application of the first-filed rule by filing in California an Amended Complaint naming four additional defendants, the New Parties, that have no relation to the Greenes. Ab Coaster can not avoid transfer by attempting to allege unrelated claims against unrelated parties. The scope of this controversy is determined by Ab Coaster's Nov. 12, 2009 letter to the Greenes, and the Greenes are entitled to resolution of this controversy. *Polymer Indus. Prods. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 939 (Fed.

Cir. 2003) (noting "a declaratory judgment is appropriate in cases in which a party who could sue for coercive relief has not yet done so").

The Court should therefore should give **no weight** to any arguments based upon the inclusion of the New Parties, who are not and cannot be properly joined in either the present action or the action being transferred from California. As Judge Fairbank concluded:

> [Ab Coaster's] First Amended Complaint and subsequent papers do not provide sufficient support for the joinder of the New [Parties] under Fed. R. Civ. P. 20(a)(2). The First Amended Complaint does not allege that the [Greenes] and New [Parties] acted in concert with each other or even knew of each other.

Transfer Order, Ex. 1 at 5.

The first-filed rule strongly supports maintaining this action in Ohio.

### 2. The Greenes's Choice of Forum Should Be Given Substantial Weight Because They Reside in Ohio.

The plaintiff's choice of forum is normally given substantial weight as long as the plaintiff resides in that forum. *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214-215 (S.D. Ohio 1989) ("the plaintiffs choice of forum must be given considerable weight"). The Greenes reside in Ohio, conduct their businesses from Ohio, and filed this suit to resolve the present controversy in Ohio.

In contrast, Ab Coaster desires to transfer this case to an inconvenient forum simply to increase litigation costs for the Greenes. Ab Coaster is a Delaware Corporation with its principle offices in Wilmington, Delaware. (CDCA Compl. ¶ 1.) Multiple courts have concluded that a party's preferred forum is entitled to little weight when that party does not reside in the forum. *See* Moore, § 111.13[1][c][iii] (collecting cases)

Ab Coaster's principle connection to California is the location of Plaintiff's counsel, and convenience to counsel is <u>not</u> a relevant factor in a § 1404(a) analysis. *In re Volkswagon AG*, 371 F.3d 201, 202-206 (5th Cir. 2004) (noting location of counsel is immaterial to §1404(a) analysis); *Solomon v. Cont Amer.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983 (E.D.N.Y. 1991); *see also* Moore, § 111.13[1][e][iii] (collecting cases).

Ab Coaster admits it does not reside in California. *See* Transfer Order, Ex. 1 at 7-8. Although Mr. Augustine claims an office was previously maintained in California, Ab Coaster's presence on the East Coast in fact dates back to at least 2006. Ab Coaster has claimed a Chester, New Jersey contact address on its website from at least May 2007. *See* Ex.. 4 (excerpt from www.abcoaster.com dated May 2007, available from www.webarchive.org). From 2006 through 2008, Ab Coaster represented on multiple occasions to the United States Patent and Trademark Office that Ab Coaster and Mr. Augustine were located in New Jersey. *See* Ex. 5 (documents filed by Ab Coaster in patent application 29/305,500 and trademark application 78971078 showing Ab Coaster's Chester, New Jersey address).

The Greenes chosen forum should therefore be given substantial weight as Ohio is the more convenient location, as well as, the location of all events relevant to this dispute.

### 3. The Locus of Operative Events Strongly Favors Ohio

The Greenes conduct their business exclusively from Ohio. (Greene Aff. ¶¶ 2-4.) Although the internet permits passive sales around the country, the operative events for this dispute occurred in Ohio. It is from Ohio that the Greenes ordered their inventory, posted

their offerings on e-Bay and/or craigslist, and received and shipped the allegedly infringing goods. (*Id.* ¶ 7-8.) In fact, the Greenes continue to store additional inventory in Ohio awaiting resolution of this dispute. (*Id.* ¶ 9.) The Greenes have never purposefully directed any activities towards California. While websites may be accessed by anyone throughout the globe, simply using a website such as e-Bay provides an insufficient basis for transferring this lawsuit to a distant forum where the Greenes's ability to defend themselves will be compromised.

Ab Coaster emphasizes that anyone may purchase products from the craigslist website; however, Ab Coaster fails to mention that the Greenes placed their advertisement on the "Columbus, Ohio" portion of craigslist. As such, the Greenes purposefully directed their activities within Ohio, and more specifically within Columbus, Ohio. For the Court's reference, the craigslist site is divided geographically, by state and city, and operates similar to local newspaper classified ads. *See* Ex.. 6 (excerpts from www.craigslist.com showing geographic arrangement).

Ab Coaster also fails to consider the facts specific to the Greenes but instead focuses upon the alleged activities of four unrelated parties, contrary to the requirement that the § 1404(a) analysis be conducted on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988). This attempt to combine those separate disputes into the dispute with the Greenes is improper.

The locus of operative events strongly favors maintaining this action in Ohio.

### 4. Convenience of Parties and Witnesses Strongly Favors Ohio.

There are no third-party witnesses relevant to the dispute between the Greenes and Ab Coaster. At the present time, the only relevant witnesses are the Greenes themselves and Ab Coaster's representatives, including David Augustine who now resides in New Jersey.

### a. Ab Coaster and its Representatives are Located in Delaware and New Jersey.

Mr. Augustine concedes "Ab Coaster Holdings [has] stopped maintaining its California office in this district." (Dkt. No. 23-4, at ¶ 4.) Ab Coaster is now based in either Delaware or New Jersey. *See* Ex.. 7 (current listing for Ab Coaster LLC in Chester, New Jersey, from www.yellowbook.com). There can be no doubt that travel from Delaware or New Jersey to Ohio (less than 500 miles) is substantially more convenient than travel to California (approximately 2700 miles). In the same time zone, Ohio is certainly more convenient for Ab Coaster's representatives, who may be called to testify or otherwise participate in this case.

Ab Coaster can claim no inconvenience from maintaining this action in Ohio. This factor therefore weighs in favor of Ohio.

### b. The Greenes Are Located in Ohio.

The Greenes themselves, and the physical and record evidence they possess, will be the primary evidence necessary to adjudicate the patent infringement and other claims in this case. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (noting "the bulk of the relevant evidence usually comes from the accused infringer"). The burden on the Greenes to litigate this case in California would be prohibitive. *In re TS Tech United States Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("additional distance from home means additional travel

time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment").

Both Penny and Brian Greene are self-employed. (Greene Aff. ¶¶ 2-4.) Accounting for travel, each appearance before the California court would shut down their respective businesses for three days, depriving them of income, just to attend a hearing of one day or less. The factors from *TS Tech*—additional travel time, meal and lodging expenses, and time away from work— apply just as persuasively in the present case making the Ohio court overwhelmingly more convenient.

### c. Ab Coaster's Claimed Third-Party Witnesses Are Not Relevant to the Dispute with the Greenes.

The asserted third-party witnesses are extraneous to the dispute between Ab Coaster and the Greenes. "The court must not only consider the number and location of witnesses on each side, but also the <u>importance of the witnesses</u> to the case." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984) (noting court should consider the "materiality and importance of the anticipated witnesses' testimony").

Ab Coaster identifies six (6) Ab Coaster dealers in California. However, these dealers are Ab Coaster partners and licensees and cannot credibly be considered third-party witnesses. *See, e.g., Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1106 (S.D. Tex. 1997) (discounting plaintiff's employees in a § 1404(a) analysis). If it desires to call a dealer as a witnesses, Ab Coaster has seventeen (17) dealers in Ohio, including three around Columbus. *See* Ex. 8 (search results showing Ab Coaster's Ohio dealers). Moreover, dealers closest to

the alleged infringer would be most knowledgeable about the potential impact on their business.

The U.S. Customs agents identified by Ab Coaster are similarly extraneous to the dispute with the Greenes. The seizure notices specifically identify the importer and exporter on each notice. **The Greenes have never conducted business with any of these four new parties**. Ex. 3, ¶¶ 7-9. Ab Coaster does not allege anything in the nature of a business relationship between any of the four new defendants and the Greenes. The Customs Officers' testimony would be irrelevant to any claim against the Greenes, who should not be forced to watch as Ab Coaster pursues different claims against different parties.

In short, Ab Coaster has not identified any third-party witnesses relevant to the dispute with the Greenes. The convenience of the parties and the witnesses therefore weighs heavily in favor of Ohio.

### 5. The Location of Physical Evidence Strongly Favors Ohio.

The relevant physical and record evidence for this dispute resides in Lancaster, Ohio. The location of the alleged infringer's documents weighs in favor of that location. *In re Genentech*, 566 F.3d at 1345. As in *Genentech*, litigating this case in California would "impose a significant and unnecessary burden … to transport documents that would not be incurred if the case were to proceed" in Ohio. *Id.* at 1346.

The Greenes maintain their personal and business records and inventory at their home in Lancaster, Ohio. (Greene Aff. ¶¶ 6-7.) The exercise machines at issue are bulky and weigh upwards of 70 pounds each. (*Id.* ¶ 8.) Transportation of these personal and

business records and machines from Ohio to California is unnecessary and would only serve to increase the costs of this litigation.

Any material currently being held by U.S. Customs is irrelevant to the Greenes case. Such material may be relevant to a dispute between Ab Coaster and the four additional entities, but those entities are not parties in this case and should not be considered.

Ab Coaster would not be inconvenienced by transfer to Ohio, and in fact would be greatly convenienced. As previously noted, Ab Coaster is located in Delaware, less than 500 miles from Columbus, Ohio. If Ab Coaster desires to bring an example Ab Coaster device to the courthouse, Ab Coaster has ample inventory in its dealer network dispersed throughout the entire nation, including in Columbus, Ohio. Play It Again Sports, an Ab Coaster dealer, has three locations in the Columbus suburbs, including a Grove City location only 10 minutes from the federal district court house. *See* Ex. 8 (identifying dealer locations in Grove City, Hilliard, and Westerville).

The location of physical and record evidence and the ease of producing such evidence for the Court weigh heavily in favor of retaining this case in Ohio.

### 6. Overall Expense to the Parties Favors Ohio.

Central Ohio is a substantially less costly area than Los Angeles, California. Not only would travel costs be decreased, but hotels, meals and other costs would be substantially lower for any out-of-town participants. *See In re TS Tech United States Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (noting additional costs associated with travel, meals, and lodging).

### 7. Familiarity with State Law Deserves Little Weight.

In this case, the parties' principle claims against each other are based on federal law, either patent, copyright, or trademark, and to the extent state law claims are present, they are subsidiary to the federal claims. Moreover, "most courts have dismissed [familiarly with governing law] as being of little importance since 'federal courts must often undertake the task of applying foreign law.'" *Hart v. Mac Tools, Inc.*, 1994 U.S. Dist. LEXIS 11039, at *11 (W.D. Mich. June 14, 1994).

### C. The Complaint as Filed is Sufficient under Federal Notice Pleading Standards.

The complaint seeking declaratory judgment filed by the Greenes with this Court on January 13, 2010, is sufficient to state a claim for relief. "Rule . . . 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007)). The Sixth Circuit reads Twombly and Erickson together as "reaffirm[ing] the liberal pleading standard in Rule 8(a)(2)." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 489 (6th Cir. 2009).

On an initial review of Ab Coaster's demand letter, it was determined that many of Ab Coaster's claims were completely baseless. Specifically, Ab Coaster accuses the Greenes of selling counterfeit Ab Coaster devices, however, at least three of the patents asserted by Ab Coaster do not even cover the Ab Coaster device (U.S. Patent Nos. 7,232,404; 7,585,263; and 7,611,445). Similarly, Ab Coaster has no federally registered copyrights as

would be necessary to support its claim of copyright infringement and threat of statutory damages. In view of these baseless claims, the Greenes initiated this declaratory judgment action, and Ab Coaster's own demand letter demonstrates the Greene's right to relief with respect to Ab Coaster's unsupportable allegations.

Ab Coaster's argument is an attempt to improperly shift the burden of investigating its claims to the Greenes. Ab Coaster asks for a detailed list of defenses, even for the patents that clearly do not cover the Ab Coaster product. Ab Coaster should not be permitted to force the Greenes to incur the expense of investigating each and every claim of every patent owned by Ab Coaster as a prerequisite to defending themselves against Ab Coaster's baseless accusations. The Greenes have plainly stated in the complaint that the various patents, trademarks, and copyrights asserted by Ab Coaster are not infringed, invalid, and unenforceable, specifically that they deny the allegations made by Ab Coaster in its demand letter. Therefore, Ab Coaster, the party most familiar with its patents, should be required to specifically identify its claims, or alternatively, concede that infringement has not occurred. Once Ab Coaster has identified the patents and claims it intends to pursue, the Greenes can meaningfully respond.

Even if the Court were to find the Complaint as filed insufficient, the proper remedy would be to grant the Greenes leave to file an amended complaint rather than dismiss the complaint. *Tackett*, 561 F.3d at 493 (noting ability to amend pleadings under Fed. R. Civ. P. 15(a)(2)). Once Ab Coaster clarifies the bases for its various claims, the Greenes can respond in the appropriate pleading setting forth the non-infringement, invalidity, and unenforcability contentions in greater detail.

### D. This Court Has Subject Matter Jurisdiction Over the Controversy Created by Ab Coaster's Baseless Allegation of Copyright Infringement.

#### 1. The § 441(a) Registration Requirement Does Not Limit this Court's Jurisdiction.

Ab Coaster's lack of a valid federal copyright registration is not a jurisdictional bar to the Greenes declaratory judgment action for copyright non-infringement. *Reed Elsevier, Inc. v. Muchnick*, ___ U.S. ___, 2010 U.S. LEXIS 2202, at *6 (Mar. 2, 2010). As the Supreme Court recently held a few days ago, "[17 U.S.C. §] 441(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject matter jurisdiction." *Id.*

Ab Coaster created a case of actual controversy by threatening claims of copyright infringement and entitlement to statutory damages and attorneys fees in its demand letter to the Greenes. Ab Coaster then refused to identify any federal copyright registration that would support such a claim. Now, only after this lawsuit was filed, Ab Coaster concedes that it does not own any federal copyright registrations as would be necessary to warrant statutory damages as claimed in the demand letter. *See* Dkt. No. 9-3, Cislo letter dated Feb. 10, 2010.

The registration requirement of 17 U.S.C. § 441(a) does not limit the subject matter jurisdiction of this Court to decide the non-infringement claim. The § 441(a) requirement however predetermines the outcome on this claim. Without a valid copyright registration, § 441(a) prevents Ab Coaster from prevailing on any claim for copyright infringement. *See Reed Elsevier*, 2010 U.S. LEXIS 2202, at *6 (analogizing the requirement to a statute of limitations). Since Ab Coaster has created an actual controversy but cannot prevail under

any set of facts, the Greenes are entitled to the requested declaration of copyright non-infringement.

### 2. The Greenes Intend to Seek Attorneys Fees Under 17 U.S.C. § 505 for Ab Coaster's Unfounded Claim for Copyright Infringement and Statutory Damages.

There is no legal or factual basis under which Ab Coaster would be entitled to statutory damages or attorney's fees for copyright infringement. Ab Coaster was aware of this fact on November 12, 2009 when Mr. Cislo sent the demand letter. Even when directly confronted on this point and asked to identify the registrations supporting the claim, Ab Coaster refused to withdraw the accusation and its threat of statutory damages.

Only on February 5, 2010, following two months of discussions and the filing of two lawsuits, did Mr. Cislo finally acknowledge that Ab Coaster had no registered copyrights. In Mr. Cislo's letter, Ab Coaster conceded it "does not own any federal copyright registrations covering its copyrights in the various images and written materials pertaining to its Ab Coaster® product, and as such none of its copyrights can be asserted in a court of law as yet." Dkt. No. 9-3, Cislo Letter, Feb. 10, 2010, at 2.

The words "presently" and "as yet" in Ab Coaster's admission, however, indicated its continued intention to pursue these claims. In its Amended Complaint filed in the Central District of California on February 22, 2010, Ab Coaster expressly reserved its right to pursue these unfounded claims of copyright infringement and statutory damages. Dkt. 9-2, ¶ 12 ("Ab Coaster … reserves its rights to assert these copyrights against Defendants.").

Lacking any federal copyright registrations, Ab Coaster's threat of statutory damages made in its November 12, 2009, demand letter was objectively unreasonable. As a result, the

Greenes intend to seek their attorneys fees incurred in connection with this baseless claim. This relief under 17 U.S.C. § 505 is a distinct remedy to which the Greenes are entitled as the prevailing party on the copyright non-infringement claim in the Ohio court.

Therefore, as the Supreme Court recently confirmed, this Court has subject matter jurisdiction over the Greenes's claim of copyright non-infringement, and over the related claim for attorneys fees under 17 U.S.C. § 505. Having created this controversy, Ab Coaster cannot now hide behind its own failure to register its alleged copyrights to shield itself from the repercussions of its actions.

## IV.     Conclusion

For the foregoing reasons, the Greenes respectfully request that the Court deny Ab Coaster's motion to dismiss or transfer this case.

Respectfully submitted,

/s/ Arland T. Stein
Arland T. Stein, Trial Attorney (0007310)
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
Tele:   614/221-0240
Fax:    614/221-5909
E-mail:  astein@hahnlaw.com


Attorney for Plaintiffs
Brian Greene, Penny Greene, &
Professional Billing Consultants, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2010, I electronically filed the foregoing OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER PROCEEDINGS with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:

N. Trevor Alexander
Chet J. Bonner
John T. Wiedemann
CALFEE, HALTER & GRISWOLD LLP
21 East State Street, Suite 1100
Columbus, Ohio 43215-4243
Tel: (614) 621-1500/ Fax: (614) 621-0010
Email: talexander@calfee.com
      cbonner@calfee.com
      jwiedemann@calfee.com

Daniel M. Cislo, Esq.
Kelly W. Cuuningham, Esq.
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Tel: (310) 451-0647 / Fax: (310) 394-4477
Email: dancislo@cislo.com
      kcunningham@cislo.com

Attorneys for Plaintiff
Ab Coaster Holdings, Inc.

                  /s/Arland T. Stein
                  Attorney for Plaintiffs
                  Brian Greene, Penny Greene, &
                  Professional Billing Consultants, Inc.