**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BRIAN GREENE, an individual<br>2333 Hawk Street<br>Lancaster, Ohio 43130<br><br>and<br><br>PENNY GREENE, an individual<br>2333 Hawk Street<br>Lancaster, Ohio 43130<br><br>and<br><br>PROFESSIONAL BILLING<br>CONSULTANTS, INC.<br>2333 Hawk Street<br>Lancaster, Ohio 43130<br><br>      Plaintiffs,<br><br> v.<br><br>AB COASTER HOLDINGS, INC.<br>c/o David Augustine<br>1007 Orange Street, Suite 1410<br>Wilmington, Delaware 19801<br><br> Also serve:<br><br> Delaware Incorporators and Registration<br> Service, LLC<br> 1007 Orange Street Suite 1410<br> Nemours Building<br> Wilmington, DE 19801<br><br>      Defendant. | CASE NO. 2:10-cv-00038<br><br>Judge:  Edmund A. Sargus, Jr.<br><br>Magistrate Judge:  Terence P. Kemp<br><br>**FIRST AMENDED COMPLAINT**<br>**FOR DECLARATORY**<br>**JUDGMENT AND FALSE**<br>**MARKING**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

For its Complaint against Defendant Ab Coaster Holdings, Inc. ("Defendant"), Plaintiffs Brian Greene, Penny Greene, and Professional Billing Consultants, Inc. (collectively "the Greenes") state and allege as follows:

**I.      Parties**

1.      Plaintiffs Brian Greene and Penny Greene are individuals residing in Ohio in this judicial district.

2.      Plaintiff Professional Billing Consultants, Inc. is a d/b/a of Penny Greene with its place of business located at 2333 Hawk Street, Lancaster, Ohio 43130 in this judicial district at the time of filing of this case.  It was previously an Ohio corporation with its principal place of business at the same location before it was dissolved in December 2009.

3.      Upon information and belief, Ab Coaster Holdings is a Delaware corporation with its principal place of business in Wilmington, Delaware.

**II.      Jurisdiction & Venue**

4.      This Court has subject matter jurisdiction under at least 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

6.      This Court has personal jurisdiction over Defendant.

**III.      Facts Common to All Counts**

7.      Brian Greene and Penny Greene are self-employed and operate several small businesses from their home in Lancaster, Ohio.

CLE - 2620308.2

8.     Penny Greene is the owner of Professional Billing Consultants, Inc., a solo medical billing company.  Professional Billing Consultants has not been involved in any activities related to purchasing or selling the allegedly infringing products.

9.     In early 2009, the Greenes purchased for their daughter an Ab Coaster device, which they subsequently sold on e-Bay.

10.    The Greenes subsequently purchased additional abdominal exercise devices believed to be Ab Coaster products (the "Accused Devices").

11.    On information and belief, Defendant purports to be the owner of U.S. Patent Nos. 7,232,404;  7,455,633;  7,485,079; 7,585,263; 7,611,445; D565,134; D584,367 (collectively "Defendant's Patents"). True and correct copies of Defendant's Patents are attached hereto as Exhibits 1 – 7.

12.    On information and belief, Defendant purports to be the owner of U.S. Trademark Registration No. 3,407,362 for AB COASTER ("Defendant's Trademark"). A true and correct copy of Defendant's Trademark is attached hereto as Exhibit 8.

13.    Defendant, through a November 12, 2009 letter from its counsel, wrongfully accused the Greenes of infringing Defendant's Patents and Trademark, and unspecified copyrights in advertising and promotional materials.  Defendant also wrongfully accused the Greenes of federal, state, and common law unfair competition and trade dress infringement. A true and correct copy of the November 12, 2009 letter is attached hereto as Exhibit 9 (hereinafter "Demand Letter").

CLE - 2620308.2

14.    On information and belief, U.S. Patent Nos. 7,585,263 and 7,611,445 claim a swing-based exercise product marketed by Ab Coaster Holdings known as the Ab Flyer device.

15.    On information and belief, Ab Coaster Holdings advertises and sells the Ab Coaster device through the website www.abcoaster.com.  A true and correct copy of www.abcoaster.com dated January 6, 2010, is attached hereto as Exhibit 10.

16.    On information and belief, Ab Coaster Holdings advertised the Ab Coaster product on its website www.abcoaster.com as covered by the '404 patent, the '445 patent, the '633 patent, the '079 patent, and the '367 patent.

17.    On information and belief, Ab Coaster Holdings advertises the Ab Coaster product on its website as covered by U.S. Trademark Registrations 3,407,362 and 2,632,152.

18.    U.S. Trademark Registration 2,632,152 was cancelled on or about May 16, 2009 for non-use.

19.    An actual case and controversy exists between the Greenes and Defendant over Defendant's accusations that the Greenes have infringed Defendant's Patents and Trademark and its other asserted intellectual property rights.

## COUNT ONE
### (U.S. Patent No. 7,232,404)

20.    The Greenes incorporate and re-allege herein paragraphs 1 - 19 of this Complaint.

21.    This count is for a declaration of non-infringement, invalidity, and unenforceability of U.S. Patent No. 7,232,404 (the '404 patent).

4

22.     Every claim of the '404 patent requires an exercise machine to include "a front support wherein the front support is attached to the front portion of the at least one track and elevates the front portion of the at least one track approximately 6 inches off the ground" (the "6-inch limitation"). *See, e.g.*, '404 patent, col. 6, ll. 52-55.

23.     The Ab Coaster devices sold by Ab Coaster Holdings do not meet the 6-inch limitation quoted in Paragraph 22, and therefore the Ab Coaster device is not covered by the '404 patent.

24.     The Accused Devices do not meet the 6-inch limitation quoted in Paragraph 22, and therefore the Accused Devices do not infringe the '404 patent.

25.     The '404 patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view of the prior art, and therefore, is not infringed by the Accused Devices.

26.     The '404 patent is invalid and/or unenforceable for failing to meet the requirements of the patent statute 35 U.S.C. § 1 *et seq.*

## COUNT TWO
### (U.S. Patent No. 7,455,633)

27.     The Greenes incorporate and re-allege herein paragraphs 1 - 26 of this Complaint.

28.     This count is for a declaration of non-infringement, invalidity, and unenforceability of U.S. Patent No. 7,455,633 (the '633 patent).

29.     On or about November 14, 2008, Ab Coaster Holdings filed an Information Disclosure Statement disclosing material prior art known to Ab Coaster Holdings prior to the mailing date of the notice of allowance for the '633 patent.

5

30.     On information and belief, Ab Coaster Holdings did not own legal title to the '633 patent at the time of the alleged infringing activities by the Greenes.

31.     The Greenes have not infringed any claim of the '633 patent.

32.     The '633 patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view of the prior art, and therefore, is not infringed by the Accused Devices.

33.     The '633 is invalid and/or unenforceable for failing to meet the requirements of the patent statute 35 U.S.C. § 1 *et seq.*

## COUNT THREE
### (U.S. Patent No. 7,485,079)

34.     The Greenes incorporate and re-allege herein paragraphs 1 - 33 of this Complaint.

35.     This count is for a declaration of non-infringement, invalidity, and unenforceability of U.S. Patent No. 7,485,079 (the '079 patent).

36.     On or about November 14, 2008, Ab Coaster Holdings filed an Information Disclosure Statement disclosing material prior art known to Ab Coaster Holdings, but failed to correct errors in the Information Disclosure Statement causing the contents not to be reviewed by the Patent Examiner prior to the mailing date of the notice of allowance for the '079 patent.

37.     On information and belief, Ab Coaster Holdings did not own legal title to the '079 patent at the time of the alleged infringement by the Greenes.

38.     The Greenes have not infringed any claim of the '079 patent.

6

39.    The '079 patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view of the prior art, and therefore, has not been infringed by the Accused Devices.

40.    The '079 patent is invalid and/or unenforceable for failing to meet the requirements of the patent statute 35 U.S.C. § 1 *et seq.*

## COUNT FOUR
### (Ab Flyer Patents)

41.    The Greenes incorporate and re-allege herein paragraphs 1 - 40 of this Complaint.

42.    This count is for a declaration of non-infringement, invalidity, and unenforceability of U.S. Patent Nos. 7,585,263 and 7,611,445 (the "Ab Flyer Patents")

43.    The Ab Flyer Patents claim a swing-type exercise device and method of exercising advertised and sold by Ab Coaster Holdings as the Ab Flyer. A true and correct copy of www.abflyer.com dated March 31, 2010 illustrating the Ab Flyer product is attached hereto as Exhibit 11.

44.    The Ab Flyer Patents do not claim the Ab Coaster device or methods of using the Ab Coaster device.

45.    Ab Coaster Holdings asserted that the Accused Devices sold by the Greenes "appear[] to be identical in nearly every minute detail" to the Ab Coaster device.  *See* Dkt. No. 9-2, Ab Coaster's First Amended Complaint at ¶ 18.  As a result, Ab Coaster Holdings had knowledge or should have had knowledge that the Accused Devices are not covered by the claims of the Ab Flyer Patents.

46.    The Greenes have not infringed any claim of the Ab Flyer Patents.

7

47.     The Ab Flyer Patents are invalid under 35 U.S.C. §§ 102 and/or 103 in view of the prior art, and therefore, have not been infringed by the Accused Devices.

48.     The Ab Flyer Patents are invalid and/or unenforceable for failing to meet the requirements of the patent statute 35 U.S.C. § 1 *et seq.*

## COUNT FIVE
## (U.S. Patent No. D565,134)

49.     The Greenes incorporate and re-allege herein paragraphs 1 - 48 of this Complaint.

50.     This count is for a declaration of non-infringement, invalidity, and unenforceability of U.S. Patent No. D565,134 (the '134 patent).

51.     The '134 patent purports to be a continuation-in-part of U.S. Patent No. 7,455,633.  The disclosure of the '134 design patent changes the shape and configuration of at least the arcuate track disclosed in the '633 patent.  The '134 patent is therefore not entitled to the benefit of the filing date of the '633 patent.

52.     During prosecution of the application resulting in the '134 patent, Figures 5 and 6 of the '134 patent were filed on August 6, 2007, approximately 5 weeks after the original application was filed on May 29, 2007.

53.     Because Figures 5 and 6 constitute new matter, the '134 patent is entitled only to the August 6, 2007 filing date and not to the May 29, 2007 filing date of the original application.

54.     The Greenes have not infringed any claim of the '134 patent.

CLE - 2620308.2

55.     The '134 patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view of the prior art, and therefore, has not been infringed by the Accused Devices.

56.     The '134 patent is invalid and/or unenforceable for failing to meet the requirements of the patent statute 35 U.S.C. § 1 *et seq.*

### COUNT SIX
### (U.S. Patent No. D584,367)

57.     The Greenes incorporate and re-allege herein paragraphs 1 - 56 of this Complaint.

58.     This count is for a declaration of non-infringement, invalidity, and unenforceability of U.S. Patent No. D584,367 (the '367 patent).

59.     On information and belief, Ab Coaster fraudulently identified the inventors of the application resulting in the '367 patent when the application was filed with the United States Patent and Trademark Office.  David Augustine and Sean Gagnon were listed as inventors and Robert Nelson was omitted as an inventor.

60.     Robert Nelson is a named inventor on the all of Defendant's Patents prior to the '367 patent.  On information and belief, Robert Nelson's inventorship of the subject matter disclosed in the application resulting in the '367 patent was known to Ab Coaster and its agents prior to the filing of the '367 patent application.

61.     The '367 patent claims the ornamental design of the Ab Coaster product.  The application resulting in the '367 patent was filed on March 21, 2008, with no claim of earlier priority.

CLE - 2620308.2

62.     The Ab Coaster product was in public use or on sale more than one (1) year prior to the filing date of the '367 patent.  Ab Coaster admits sales of the Ab Coaster device as least as early as March 1, 2007. *See* Dkt. 9-2.  Therefore the '367 patent is invalid under 35 U.S.C. § 102(b) as anticipated by prior public use and/or sales.

63.     On information and belief, Ab Coaster Holdings failed to disclose material prior art to the United States Patent and Trademark Office during prosecution of the '367 patent including, without limitation, offers to sell and sales of the Ab Coaster device more than one year before the filing of the application for the '367 patent.

64.     The Greenes have not infringed any claim of the '367 patent.

65.     The '367 patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view of the prior art, and therefore, has not been infringed by the Accused Devices.

66.     The '367 patent is invalid and/or unenforceable for failing to meet the requirements of the patent statute 35 U.S.C. § 1 *et seq.*

## COUNT SEVEN
### (U.S. Trademark Registration 3,407,362)

67.     The Greenes incorporate and re-allege herein paragraphs 1 - 66 of this Complaint.

68.     This count is for a declaration of non-infringement, unenforceability, and cancellation of U.S. Trademark Registration 3,407,362 (the "Ab Coaster registered trademark").

69.     The Greenes have not infringed the Ab Coaster registered trademark.

10

70.     The Ab Coaster device includes coasters or wheels under the sled which allow the sled to coast on the rails, and the device includes coasters or wheels on the feet of the device.

71.     During prosecution of the Ab Coaster registered trademark, Ab Coaster's representative misrepresented that the Ab Coaster product did not contain any wheels or coasters.

72.     The Ab Coaster registered trademark was obtained through fraud on the United States Patent and Trademark Office.

73.     The Ab Coaster registered trademark is unenforceable because of Ab Coaster Holdings' misuse of the registered trademark including mismarking of its website and product packaging.

74.     The Ab Coaster registered trademark is unenforceable due to misuse including intentional misuse of the mark for goods not covered by the registration.

75.     The Greenes are entitled to a declaratory judgment that the Ab Coaster registered trademark is invalid and/or unenforceable, and that the Greenes have not infringed any valid or enforceable trademark of Ab Coaster Holdings.

## COUNT EIGHT
## (Declaratory Judgment of No Unfair Competition)

76.     The Greenes incorporate and re-allege herein paragraphs 1 - 74 of this Complaint.

77.     The Greenes have not engaged in unfair competition with Defendant under either federal or state law.

## COUNT NINE
### (Noninfringement of Copyright)

78.     The Greenes incorporate and re-allege herein paragraphs 1 - 76 of this Complaint.

79.     As early as November 12, 2009 and as recently as January 13, 2010, Ab Coaster Holdings had asserted claims of copyright infringement but had refused to identify any federal copyright registrations that would support such a claim.

80.     Ab Coaster Holdings has no copyright registrations upon which an infringement action may be based.

81.     Ab Coaster created the present controversy by asserting allegations of copyright infringement and entitlement to statutory damages in the Demand Letter.

82.     Ab Coaster continued the controversy by refusing to acknowledge the lack of a federally registered copyright, a deficiency fatal to its claim of statutory damages.  On February 10, 2010, after two lawsuits had been initiated Ab Coaster admitted that it does not own any federal copyright registrations, and that it was unable to establish a claim for copyright infringement.  A true and correct copy of the February 10, 2010 letter from Mr. Cislo is attached as Exhibit 12.

83.     The Greenes therefore request judgment declaring that the Greenes have not infringed any alleged copyright of Ab Coaster and that there are no facts upon which the Greenes would be liable for statutory damages or attorneys fees for the alleged copyright infringement.

CLE - 2620308.2

## COUNT TEN
### (Prevailing Party Attorneys' Fees under 17 U.S.C. § 505)

84.     The Greenes incorporate and re-allege herein paragraphs 1 - 82 of this Complaint.

85.     Ab Coaster Holdings created a case or controversy by asserting allegations of copyright infringement, and entitlement to statutory damages and attorneys fees in the Demand Letter.

86.     Prior to the filing of this lawsuit, Ab Coaster Holdings' counsel refused to identify any copyright registration owned by its client, and also refused to withdraw the allegation of copyright infringement.

87.     Several weeks later, on February 10, 2010, Ab Coaster Holdings, through counsel, finally conceded that the lack of a federal copyright registration would prevent it from bringing an infringement action and from recovering statutory damages as asserted in its Demand Letter.

88.     However, on February 22, 2010, Ab Coaster filed a First Amended Complaint in the United States District Court for the Central District of California indicating its intent to pursue its untenable claim of copyright infringement.  Ab Coaster stated:  "Ab Coaster Holdings has not yet federally registered these copyrights with the United States Copyright Office, and accordingly reserves its rights to assert these copyrights against Defendants if and when said copyrights are federally registered."  Ab Coaster also purported to identify infringed copyrights in an e-Bay or craigslist advertisement. *See* Dkt. No. 9-2 at ¶¶ 12, 17.

89.     Under 17 U.S.C. § 412, a federal copyright registration filed before the alleged infringement and within three months of publication is a necessary element to recovery of statutory damages and attorneys fees in a copyright action.

90.     On information and belief, Ab Coaster Holdings was aware that it did not own any federal copyright registrations prior to sending the Demand Letter.  Alternatively, Ab Coaster Holdings' counsel failed to conduct a reasonable inquiry into the basis of the claim for statutory damages and attorneys fees prior to sending the Demand Letter.

91.     Ab Coaster Holdings' threat of statutory damages and attorneys fees was baseless and objectively unreasonable.

92.     The Greenes are entitled to a declaratory judgment that they are not liable for any statutory damages or attorneys fees based on Ab Coaster Holdings' failure to secure a federal registration of any copyright.

93.     Under 17 U.S.C. § 505, the prevailing party to a copyright action may be awarded attorneys fees.

94.     The Greenes therefore request the Court award the Greenes their attorneys' fees, in an amount to be determined, based upon Ab Coaster Holdings' baseless claim of entitlement to statutory damages and attorneys' fees, and Ab Coaster's failure to acknowledge the deficiency of their claim prior to commencement of the present litigation.

## COUNT ELEVEN
### (False Marking under 35 U.S.C. § 292)

95.     The Greenes incorporate and re-allege herein paragraphs 1 - 93 of this Complaint.

96.     Ab Coaster has marked upon, or affixed to, or used in advertising in connection with the Ab Coaster product U.S. Patent Nos. 7,232,404 and 7,611,445 (the "False Marked Patents") for the purpose of deceiving the public.

97.     None of the claims of the False Marked Patents apply to the Ab Coaster product advertised by Ab Coaster Holdings.

98.     Ab Coaster asserted both of the False Marked Patents in the Demand Letter sent to the Greenes despite the fact that these patents do not apply to the Ab Coaster product.

99.     Ab Coaster has committed false marking in violation of 35 U.S.C. § 292.

100.    The Greenes request that a penalty be levied against Ab Coaster Holdings of up to $500 per offense pursuant to 35 U.S.C. § 292, for a total amount to be determined.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1.      Declare that Plaintiffs have not infringed any claims of Defendant's Patents.

2.      Declare that Defendant's Patents are invalid and/or unenforceable.

3.      Enter a declaratory judgment finding this case is an exceptional case and awarding the Greenes their costs and reasonable attorneys' fees under 35 U.S.C. § 285.

15

4.      Declare that Defendant's Trademark registration is cancelled and that Plaintiffs have not infringed Defendant's Trademark.

5.      Declare that Plaintiffs have not infringed any valid copyrights owned by Defendant.

6.      Enter judgment for Plaintiffs for attorneys' fees as the prevailing party in a copyright action pursuant to 17 U.S.C. § 505.

7.      Declare that Plaintiffs have not engaged in unfair competition under federal or state law.

8.      Enter judgment for Plaintiffs in an amount to be determined pursuant to 35 U.S.C. § 292 for Defendant's acts of false marking.

9.      Enter judgment for Plaintiffs for the costs of this action to include without limitation reasonable attorney's fees

10.     Grant such other and further relief as this Court shall deem just.

Respectfully submitted,

/s/Arland T. Stein
Arland T. Stein, Trial Attorney (0007310)
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
Tele:   614/221-0240
Fax:    614/221-5909
E-mail:  astein@hahnlaw.com

Attorney for Plaintiffs
Brian Greene, Penny Greene, & Professional
Billing Consultants, Inc.

16

CLE - 2620308.2