# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN GREENE *et al.*, | ) | Case No. 2:10-cv-00038 |
| | ) | |
| Plaintiffs, | ) | Judge SARGUS |
| | ) | |
| v. | ) | Magistrate Judge KEMP |
| | ) | |
| AB COASTER HOLDINGS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AB COASTER HOLDINGS, INC., | ) | Case No. 2:10-cv-00234 |
| | ) | |
| Plaintiff, | ) | Judge SARGUS |
| | ) | |
| v. | ) | Magistrate Judge KEMP |
| | ) | |
| BRIAN GREENE *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF GREENE'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO AB COASTER HOLDINGS' MOTION TO DISMISS OR RE-TRANSFER**

# TABLE OF CONTENTS

I. Introduction ..................................................................................................................1

II. Statement of Facts .......................................................................................................2

III. Argument ....................................................................................................................3

    A. The California Court's Decision that Ohio is the More Convenient Forum is the Law of the Case and Should Not Be Disturbed. .........................................3

        1. The Law of the Case Doctrine Is Strictly Applied to Transfer Decisions. ...................................................................................3

        2. The California Court's Decision to Transfer Was Well Supported and Remains Unchallenged. ........................................................4

    B. Ab Coaster Has Presented No Evidence that would Justify a Re-Transfer to California. .......................................................................................5

        1. Ab Coaster's So-Called "New Information" Is Not Relevant to the § 1404 Convenience Analysis. ..............................................................5

        2. The Greenes Did Not Hide or Misrepresent Facts and the Alleged "Facts" Are Not Relevant to the Transfer Decision ................................7

        3. Re-transfer under § 1404 Would Be Improper because California Is Not a Proper Venue for Professional Billing Consultants, Inc. ..............8

IV. Conclusion ..................................................................................................................8

**MEMORANDUM**

I.  **Introduction**

The law of the case doctrine should be applied to Ab Coaster Holdings' pending motion to re-transfer or dismiss, and the pending motion should be denied. On March 18, 2010, Judge Valerie Baker Fairbank of the Central District of California found that the Southern District of Ohio was the more convenient forum and ordered a transfer pursuant to 28 U.S.C. § 1404(a). *See* Transfer Ruling, attached as Exhibit 1. The §1404(a) transfer was based upon multiple factual findings relating to the relative convenience to the parties and the witnesses. Ab Coaster has failed to demonstrate any infirmity in Judge Fairbank's analysis nor has Ab Coaster presented any new material facts relevant to the convenience factors.

Ab Coaster's primary argument in its recently filed brief may be summarized as "some of the accused devices entered the United States through the Port of Los Angeles." Ab Coaster previously made this argument to the California Court. Ab Coaster asserts that the "discovery" of a bill of lading somehow constitutes new information that was hidden from the California Court. However, the Greenes never disputed that some of the accused product may have been imported through Los Angeles or that some was imported through New York. Most importantly and fatal to Ab Coaster's re-transfer motion, the California Court's transfer ruling was based on convenience factors under § 1404, and the Court did not rely upon the lack of imports to conclude that Ohio is the more convenient forum. Even accepting Ab Coaster's premise that some of the accused devices passed through Los

Angeles, Ohio is still the more convenient forum based upon the location of the parties, witnesses, and relevant physical and documentary evidence.

Moreover, at no time did the Greenes mislead or otherwise hide information from the California Court. Ab Coaster continues to falsely accuse the Greenes of counterfeiting, even though Ab Coaster has not pled a claim for counterfeiting, and this fact was pointed out to Judge Fairbank during oral argument before the motion to transfer was granted. *See* Ab Coaster's Amended Complaint (case no. 2:10-cv-234, dkt. no. 19). As disclosed in the pleadings, this case concerns the alleged infringement of seven (7) patents, and other related intellectual property rights. Ab Coaster should not be permitted to substitute inflammatory rhetoric for well pled allegations supported by credible evidence.

## II. Statement of Facts

The facts relevant to the pending motion to retransfer or dismiss have been previously presented and are succinctly summarized in Judge Fairbank's Transfer Ruling which is attached hereto as Exhibit 1.

CLE - 2788071.1

### III. Argument

#### A. The California Court's Decision that Ohio is the More Convenient Forum is the Law of the Case and Should Not Be Disturbed.

##### 1. The Law of the Case Doctrine Is Strictly Applied to Transfer Decisions.

The California Court's transfer ruling should not be disturbed. "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).

The Law of the Case doctrine applies "with even greater force to transfer decisions than to decisions of substantive law." *Christianson v. Colt*, 486 U.S. 800, 816 (1998). The Supreme Court has cautioned that parties should not be "bandied back and forth helplessly between two courts" "in a perpetual game of jurisdictional ping-pong." *Id.* at 818. Rather, courts should prevent the injustice of repeat transfers "by adhering strictly to principles of law of the case." *Id.* at 819.

A departure from the law of the case is warranted only in extraordinary circumstances, that are not involved in this case. "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances, such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona*, 460 U.S. at 618, n.8). "The law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated." *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981).

In the present case, the California Court found Ohio to be the more convenient forum for the parties and witnesses. *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Ab Coaster has failed to present any evidence or argument related to the factors in a § 1404 convenience analysis. Indeed, it cannot. As such, Ab Coaster has failed to demonstrate any extraordinary circumstance, manifest injustice, or clearly erroneous finding that would justify departing from the law of the case.

### 2. The California Court's Decision to Transfer Was Well Supported and Remains Unchallenged.

The California Court thoroughly reviewed the factors relevant to a § 1404 analysis and made numerous factual findings in support of the conclusion that the Southern District of Ohio is the more convenient forum. Ab Coaster does not dispute any of the California Court's supportive findings, and those findings are unaffected by the so-called "new information."

Specifically, the California Court found "sufficient grounds to transfer under 28 U.S.C. § 1404(a)" based upon a multitude of convenience factors. Transfer Ruling at 7. These factors are unchallenged and demonstrate that Ohio is the more convenient location as the California Court concluded: (1) Venue is proper in the Southern District of Ohio. *Id.* at 5. Ab Coaster does not, and cannot dispute this fact. (2) The operative events (such as purchasing, storing, selling, and shipping) did not occur within the Central District of California. *Id.* (3) The convenience of party witnesses strongly favors Ohio. *Id.* at 6. Ab Coaster does not, and cannot dispute this fact because Ab Coaster and its personnel all

4

reside in Delaware or New Jersey. (4) The California Court found that Ab Coaster Holdings did not identify any relevant third-party witnesses. *Id.* at 6. Ab Coaster still has not identified any relevant third-party witnesses. (5) The location of physical and documentary evidence strongly favors Ohio. *Id.* at 6-7. The relevant evidence is located in Lancaster, Ohio, where the Greenes conduct business. (6) Ab Coaster does not reside in California and its primary contact with California is the location of its counsel, Cislo and Thomas. *Id.* at 5.

### B. Ab Coaster Has Presented No Evidence that would Justify a Re-Transfer to California.

Ab Coaster fails to address any of the factors relevant to a § 1404 convenience transfer and thus fails to identify any reason to disregard the California Court's reasoned conclusion that Ohio is the more convenient forum. To justify a departure from the law of the case doctrine, Ab Coaster needed to show extraordinary circumstances, manifest injustice, or clearly erroneous conclusions by the California Court — which it has not and cannot do.

#### 1. Ab Coaster's So-Called "New Information" Is Not Relevant to the § 1404 Convenience Analysis.

Stripped of the accusations and inflammatory rhetoric, Ab Coaster's argument is simply that some of the accused devices may have passed through the Port of Los Angeles. However, even if true, that fact does not change the conclusion that Ohio is still the most convenient forum as the California Court held.

The bills of lading that Ab Coaster identifies as "new information" are not relevant to any of the convenience factors in the Court's § 1404 analysis. Even assuming *arguendo* that the bills of lading represent infringing goods entering the United States, Ohio is still the

5

CLE - 2788071.1

more convenient forum as the California Court concluded. At most the bills of lading indicate that a single shipment of accused devices passed through Los Angeles. Much like the fact that Ab Coaster "previously maintained" offices in California (*see* Transfer Ruling at 5), the "previous" location of some of the accused devices does not impact the convenience analysis today. Ab Coaster has not identified any new physical or documentary evidence located in California. Ab Coaster has not identified any new third-party witnesses in California. In short, Ab Coaster has presented no evidence and no argument to counter the multiple findings of the California Court supporting the conclusion that Ohio is the more convenient forum.

Ab Coaster also repeatedly asserts that the bills of lading demonstrate acts of infringement occurred in the Central District of California. Ab Coaster appears to have confused the standards for a convenience transfer under § 1404 with a transfer based on improper venue under § 1406. In this case, the California Court assumed venue was proper and based the decision to transfer on an analysis of the convenience factors. *See* Transfer Ruling at 3 ("Because the Court finds sufficient grounds to transfer under 28 U.S.C. § 1404(a), … the Court need not resolve whether Defendants have sufficiently demonstrated that venue is wrong under 28 U.S.C. § 1406(a)."). Ab Coaster's assertions regarding "acts of infringement" are therefore irrelevant to the present issue.

Ab Coaster further asserts it only discovered the "new" information contained in the bills of lading after the California Court ruled on the Greenes' motion to transfer; however, Ab Coaster fails to acknowledge its own culpability in failing to timely investigate its claims. Ab Coaster filed suit in the Central District of California on January 20, 2010, but apparently

waited until March 18, 2010, after the transfer hearing, to search the PIERS database. Ab Coaster offers no explanation for why it delayed more than two (2) months to conduct a simple database search.[1] If the information was as critical as Ab Coaster professes, Ab Coaster would certainly have conducted this important search much sooner. Ab Coaster should not be permitted to benefit from the dilatory tactics it has employed throughout this dispute.

### 2. The Greenes Did Not Hide or Misrepresent Facts and the Alleged "Facts" Are Not Relevant to the Transfer Decision.

The Greenes did not hide or misrepresent any facts to the California Court. Ab Coaster's repeated accusations to the contrary are simply not true. In the motion and subsequent briefing, the Greenes never denied Ab Coaster's assertion that accused devices may have passed through the Port of Los Angeles. In fact, none of the Greenes arguments in connection with the motion to transfer even addressed the question of importation, because as previously discussed, importation was of no moment to the convenience factors relevant to the § 1404 transfer. Moreover, the motion to transfer provided a general description of the Greenes' business activities, all of which are conducted from Lancaster Ohio. *See* Dkt. 21-2 at 28. One of those activities consisted of selling mostly (but not exclusively) used products through third-party websites. *Id.*

---

[1] The declaration of Adam Levy previously filed by Ab Coaster indicates the bills of lading were uncovered in two searches of the PIERS database.

7

### 3. Re-transfer under § 1404 Would Be Improper because California Is Not a Proper Venue for Professional Billing Consultants, Inc.

Professional Billing Consultants, Inc. is not subject to personal jurisdiction in California, and therefore venue in the Central District of California would be improper. The Greenes noted this jurisdictional defect, but addressed their arguments before the California Court to the convenience factors under § 1404. A re-transfer to California would force litigation of personal jurisdiction and improper venue because Ab Coaster improperly named Professional Billing Consultants, Inc. as a defendant in the previously transferred case no. 2:10-cv-234. Ab Coaster has not demonstrated that venue would be proper in the Central District of California as to Professional Billing Consultants, Inc., therefore, this case cannot be transferred under 28 U.S.C. § 1404(a). Transfer under § 1404 is only permitted to a district where the case could have been brought. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

## IV. Conclusion

The California Court thoroughly analyzed the factors relevant to a convenience based transfer under 28 U.S.C. § 1404(a), and Ab Coaster Holdings has failed to present any evidence or argument undermining the conclusion of the California Court. Therefore, the Law of the Case doctrine should be applied and Ab Coaster's pending motion to dismiss or re-transfer the Greenes' complaint should be denied.

Respectfully submitted,

/s/Arland T. Stein
Arland T. Stein, Trial Attorney (0007310)
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215

8

Tele: 614/221-0240
Fax: 614/221-5909
E-mail: astein@hahnlaw.com

Attorney for Plaintiffs
Brian Greene, Penny Greene, &
Professional Billing Consultants, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2010, I electronically filed the foregoing PLAINTIFF GREENE'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO AB COASTER HOLDINGS' MOTION TO DISMISS OR TRANSFER with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:

N. Trevor Alexander
Chet J. Bonner
John T. Wiedemann
CALFEE, HALTER & GRISWOLD LLP
21 East State Street, Suite 1100
Columbus, Ohio 43215-4243
Tel: (614) 621-1500/ Fax: (614) 621-0010
Email: talexander@calfee.com
cbonner@calfee.com
jwiedemann@calfee.com

Daniel M. Cislo, Esq.
Kelly W. Cunningham, Esq.
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Tel: (310) 451-0647 / Fax: (310) 394-4477
Email: dancislo@cislo.com
kcunningham@cislo.com

Attorneys for Plaintiff
Ab Coaster Holdings, Inc.

/s/Arland T. Stein
Attorney for Plaintiffs
Brian Greene, Penny Greene, &
Professional Billing Consultants, Inc.