IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN GREENE, et al.,

    Plaintiffs,

v.       Case No. C2:10-cv-38

AB COASTER HOLDINGS, INC.,       JUDGE EDMUND A. SARGUS, JR.

    Defendant.


AB COASTER HOLDINGS, INC.,

    Plaintiff,

v.       Case No. C2:10-cv-234

BRIAN GREENE, et al.,       JUDGE EDMUND A. SARGUS, JR.

    Defendants.

## OPINION AND ORDER

On February 22, 2010, Ab Coaster filed a motion to dismiss the declaratory judgment action docketed as Case No. 2:10-cv-38 or alternatively to transfer that case to the United States District Court for the Central District of California. At the time Ab Coaster filed its motion, another case involving nearly all of the same parties and issues was pending in the California district court. On March 18, 2010, after the motion to dismiss or transfer had been fully briefed, the California action was transferred to this court pursuant to 28 U.S.C. §1404(a) and docketed as Case No. 2:10-cv-234. The Court then consolidated the cases and granted the parties an opportunity to address whether the law of the case doctrine should be applied to the pending motion. The parties have filed their supplemental briefs concerning this issue. Further, Ab Coaster moved, on July 23, 2010, for leave to file another supplemental reply. The Court **GRANTS** that motion (#42, #53) over the opposing parties' opposition. The matter is thus ready for decision. For the following reasons, the Court concludes that the law-of-the-case doctrine mandates denial of Ab Coast's motion to dismiss or transfer these proceedings.

I.

Ab Coaster states four grounds in support of its original motion. First, it argues that this Court should decline to exercise jurisdiction over the declaratory judgment action because such

action was an improper anticipatory filing and would serve no useful purpose in light of the fact that the underlying substantive claims were then pending in the California suit. Second, Ab Coaster contends that this Court lacks subject matter jurisdiction over the declaratory judgment action to the extent that the complaint alleges a case and controversy involving copyright infringement since no copyright registrations have yet issued. Third, Ab Coaster maintains that the complaint, as originally filed, fails to give clear notice of the claims asserted and the bases upon which such claims rest in violation of Fed. R. Civ. P. 8. Fourth, it alleges that California is the more convenient forum given the location of the third-party witnesses and the significant amount of counterfeit goods presently held there by the United States Customs.

       The first three grounds appear to be moot. The cases are consolidated and will remain so regardless of which court ultimately exercises jurisdiction. The question of whether Case No. 10-cv-38 was an "anticipatory filing" which must give way to the coercive action thus no longer matters. But see Abbot Laboratories, Inc. v. Mead Johnson & Co., 47 U.S.P.Q.2d 1305, 1309 (S.D.Ohio 1998)("declaratory judgment actions are, by their very nature, always anticipatory in some sense"). Ab Coaster has also acknowledged in light of a recent Supreme Court decision that the lack of a copyright registration does not restrict the subject matter jurisdiction of federal courts. See Reed Elsevier, Inc. v. Muchnick, 559 U.S.----, 130 S.Ct. 1237 (2010). Moreover, on April 6, 2010, Brian Greene, Penny Greene, and Professional Billing Consultants, Inc., filed an amended complaint (#23) in which they seek not only a declaratory judgment that they have not infringed any of Ab Coaster's patents, trademarks, or copyrights, but also assert a claim for damages under 35 U.S.C. §292 for false marketing. Ab Coaster has now filed a motion to dismiss the amended complaint, not on the basis that it fails to comply with Rule 8(a), but because it allegedly fails to state a claim upon which relief can be granted.

       The only portion of Ab Coaster's motion that remains is whether these consolidated cases should be transferred to the Central District of California. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. §1404(a). The California district court previously considered the convenience of the parties and witnesses, as well as the interests of justice, and determined that under the "first-filed" rule the action commenced by Ab Coaster

should be transferred to this Court pursuant to §1404(a). Accordingly, this Court must decide whether the ruling by the California district court should continue to operate as the "law of the case" or whether an independent analysis of the §1404(a) factors is required.

II.

The law-of-the-case doctrine declares that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir.1991), quoting Arizona v. California, 460 U.S. 605 (1983). This doctrine applies with equal force to a coordinate court's or the same court's decisions. United States v. Todd, 920 F.2d 399, 403 (6th Cir.1990). The doctrine is similar to issue preclusion because it limits relitigation of an issue previously decided, but unlike collateral estoppel, its application is discretionary. Limited Brands, Inc. v. F.C. (Flying Cargo) Int'l Transp. Ltd., 545 F.Supp.2d 692, 700-01 (S.D.Ohio 2008). However, a court should be loathe to revisit its own prior decision or that of a coordinate court unless the initial decision was clearly erroneous and would produce manifest injustice. Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817 (1988). The law-of-the-case doctrine applies with even greater vigor to transfer decisions due to the threat of a vicious cycle of litigation should the transferee court consider itself free to revisit transfer decisions made by a coordinate court. Id. at 816.

III.

Ab Coaster argues for a more flexible approach to the law-of-the-case doctrine and maintains that at the trial court level, the doctrine is little more than a management tool. In its view, there are no conditions or limitations on a court's power to revisit a prior ruling of another court. See Todd, 920 F.2d at 403. Ab Coast points out that under Fed. R. Civ. P. 54(b), district courts may reconsider interlocutory orders at any time prior to final judgment. It contends that the grounds for such reconsideration traditionally include (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) a need to correct clear error or prevent manifest injustice. See Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 Fed.Appx. 949, 959 (6th Cir.2004).

Ab Coaster has not alerted this Court to an intervening change of controlling law. It

3

does, however, claim to have discovered new evidence after the California court rendered its transfer decision. The new evidence consists of two bills of lading which purportedly show that the Greenes, using a now-dissolved entity, imported through the Port of Los Angeles one hundred three counterfeit Ab Coaster® machines from a Chinese manufacturer. According to Ab Coaster, the Greenes had misled it and the California court into believing that they had purchased these machines locally in and around Ohio from yard sales and flea markets. At the time of the hearing on the Greenes' motion to transfer, Ab Coaster maintains that it could argue based only on logic and its experience with other counterfeiters that the Greenes almost certainly had imported the machines through the Port of Los Angeles. As a consequence, the California court dismissed the argument as mere speculation. Ab Coaster now asserts that the bills of lading constitute hard evidence which warrants reconsideration of the California court's transfer order on the basis that a significant number of operative facts did, in fact, occur within the Central District of California. It bolsters that argument with the materials attached to its motion for leave to file a supplemental reply, materials which indicate that the Greenes imported all of the allegedly infringing machines from China and that most of them passed through the port of Los Angeles.

The California court's rejection of Ab Coaster's argument as nothing more than speculation appears to have played a relatively minor role in its decision to transfer. Ab Coaster had argued that California has a strong interest in addressing issues relating to counterfeit goods passing through its ports. The court considered that argument in connection with whether the interests of justice favored retention of the suit in that forum. This, however, was only one of the factors to consider under 28 U.S.C. §1404(a). In weighing the relevant factors, Judge Fairbank found that Ab Coaster's choice of forum was entitled to little weight not only because the operative facts did not occur in the Central District of California, but also because Ab Coaster did not reside in the district and its only connection to that district was the location of its counsel. She also found that the convenience of party witnesses favored transfer to Ohio and that Ab Coaster did not identify any material witnesses likely to be inconvenienced by the transfer. In addition, the California court determined that the location of the parties' books and records weighed in favor of transfer, while the question of which forum's law applies and administrative

4

considerations were largely neutral.

Judge Fairbank also found that applying the "first filed" rule to transfer the action to this Court would further the interests of justice. This is a "well-established doctrine that encourages comity among federal courts of equal rank." AmSouth Bank v. Dale, 386 F.3d 763, 791 n. 8 (6th Cir.2004) (quoting Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc., 16 Fed.Appx. 433, 437 (6th Cir.2001)). Under the "first-to-file rule," when actions involving nearly the same parties and issues are filed in two separate district courts, "the court in which the first suit was filed should generally proceed to judgment." Zide Sport Shop, 16 Fed.Appx. at 437 (quoting In re Burley, 738 F.2d 981, 988 (9th Cir.1984)). The rule applies in cases where a declaratory judgment action has been filed before the patent infringement action. Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 937-38 (Fed.Cir.1993), *abrogated on other grounds*, Wilton v. Seven Falls Co., 515 U.S. 277 (1995). Although the rule is discretionary, extraordinary reasons such as the convenience and availability of witnesses, the absence of jurisdiction over all necessary parties, or the possibility of consolidation with related litigation must exist before a properly brought declaratory judgment action should yield to the later-filed suit for patent infringement. Id.

This Court concludes that even if the California court had the benefit of Ab Coaster's new evidence, it still, in all likelihood, would have made the same decision to transfer its case to the Southern District of Ohio. This conclusion is based on Judge Fairbank's overall analysis of the §1404(a) factors, as well as her application of the first-to-file doctrine. Judge Fairbank found that the convenience and availability of witnesses militated in favor of transfer. In addition, the Greenes have raised colorable arguments concerning the California court's personal jurisdiction over Professional Billing Consultants, Inc. and whether venue would be proper as to that defendant in the Central District of California, a question that Judge Fairbank did not need to resolve given her decision to transfer the case under §1404(a). Moreover, the two cases have been consolidated here, and there are no extraordinary reasons for this Court not to proceed to judgment.

The Court further concludes that Judge Fairbank's decision was not clearly erroneous and did not work a manifest injustice. " Under law-of-the-case principles, this Court need find only

5

that the decision of the California court is plausible." Christianson, 486 U.S. at 819. Judge Fairbank analyzed each of the factors under §1404(a) and determined that these factors either weighed in favor of transfer or were of little consequence. Having analyzed that decision, this Court does not have the "clear conviction of error" required to depart from the law of the case. See Moses, 929 F.2d at 1137 (internal citation and quotation marks omitted).

Ab Coaster's final argument that the Greenes will not be harmed should this Court depart from the law of the case and transfer the consolidated case to the Central District of California misses the mark. Ab Coaster cites no authority for the proposition that a lack of prejudice is even a factor to be considered under these circumstances. In any case, the premise that the Greenes will not be harmed by retransfer appears to have no basis in fact. A transfer of their action would deny the Greenes their choice of forum and would force them to litigate their claims in a far-off venue that the California court has already determined is less convenient.

IV.

Based on the foregoing reasons, the Court **DENIES** Ab Coaster's motion to dismiss or transfer proceedings (#10) filed in Case No. 2:10-cv-38.

8-5-2010
**DATED**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

6