**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| BRIAN GREENE, *et. al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. 2:10-cv-00038 |
| v. | ) | |
| | ) | JUDGE SARGUS |
| AB COASTER HOLDINGS, INC., | ) | |
| | ) | MAGISTRATE KEMP |
| Defendant. | ) | |
| | ) | |
| | | |
| AB COASTER HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2:10-cv-00234 |
| | ) | |
| v. | ) | JUDGE SARGUS |
| | ) | |
| BRIAN GREENE, *et. al.*, | ) | MAGISTRATE KEMP |
| | ) | |
| Defendants. | ) | |


**PLAINTIFF GREENES' BRIEF IN SUPPORT OF MOTION FOR**
**SUMMARY JUDGMENT ON LACK OF STANDING AND**
**UNENFORCEABILITY OF CERTAIN PATENTS**

# TABLE OF CONTENTS

I.     Introduction and Summary ................................................................................................ 1

II.    Statement of Undisputed Facts ........................................................................................ 3

    A.    Identification of Patents ........................................................................................... 3

    B.    Assignments related to U.S. Patent No. 7,455,633 ................................................ 4

    C.    Assignments related to U.S. Patent No. 7,585,263 ................................................ 4

    D.    Assignments related to U.S. Patent No. 7,611,445 ................................................ 4

    E.    Assignments related to U.S. Patent No. 7,485,079 ................................................ 5

    F.    Assignments related to U.S. Design Patent No. D584,367 .................................... 5

III.   Argument ......................................................................................................................... 6

    A.    Ab Coaster Holdings lacks standing to enforce U.S. Patent Nos. 7,611,445; 7,485,079; and
D584,367 ................................................................................................................. 7

      1.    Ab Coaster Holdings does not own legal title to the '445 patent ........................... 8

      2.    Ab Coaster Holdings does not own legal title to the '079 patent ........................... 9

      3.    Ab Coaster Holdings did not own legal title to the '367 patent during the time of the
alleged infringement ............................................................................................. 11

      4.    Ab Coaster Holdings cannot cure the lack of standing ......................................... 12

    B.    U.S. Patent Nos. 7,585,263; 7,485,079; and 7,611,445 are unenforceable in accordance with the
terminal disclaimer filed in each application .......................................................... 14

      1.    A terminal disclaimer ties two patents together, so they may only be enforced during such
time as the patents are commonly owned .......................................................... 14

      2.    The terminal disclaimer renders the '263 patent unenforceable ........................... 15

      3.    The terminal disclaimers render the '079 patent and '445 patent unenforceable. ............... 16

IV.   Conclusion ..................................................................................................................... 17

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Affymetrix, Inc. v. Pe Corp.*,
  2002 U.S. Dist. LEXIS 24649 (S.D.N.Y. Dec. 24, 2005) ....................................................13

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)................................................................................................................6

*Arachnid, Inc. v. Merit Industries, Inc.*,
  939 F.2d 1574 (Fed. Cir. 1991)...................................................................... 1, 7, 12

*Barrett v. Whirlpool Corp.*,
  556 F.3d 502 (6th Cir. 2009)..................................................................................6

*Beech Aircraft Corp. v. EDO Corp.*,
  990 F.2d 1237 (Fed. Cir. 1993)..............................................................................7

*Crown Die & Tool Co. v. Nye Tool & Machine Works*,
  261 U.S. 24 (1923)......................................................................... 1, 7, 12

*Enovsys LLC v. Nextel Communs., Inc.*,
  2008 U.S. Dist. LEXIS 118191 (C.D. Cal. Feb. 26, 2008)....................................15

*Enzo APA & Son, Inc. v. Geapag A.G.*,
  134 F.3d 1090 (Fed. Cir. 2008)....................................................................passim

*Gaia Tech., Inc. v. Reconversion Tech., Inc.*,
  93 F.3d 774, *amended* 104 F.3d 1296 (Fed. Cir. 1996).............................. 10, 11, 12

*Grumman Data Systems Crop. v. Dalton*,
  88 F.3d 990 (Fed. Cir. 1996) .................................................................................10

*Hunt Const. Group, Inc. v. U.S.*,
  281 F.3d 1369 (Fed. Cir. 2002)..............................................................................10

*In re Griswold*,
  365 F.3d 834 (C.C.P.A. 1966)...............................................................................15

*In re Van Orum*,
  686 F.2d 937 (C.C.P.A 1982) ................................................................................15

*Paradise Creations v. UV Sales, Inc.*,
    315 F.3d 1304 (Fed. Cir. 2003) ................................................................................. 7, 9, 11, 12

*Serengetti Construction Company v. City of Cincinnati*,
    553 N.E.2d. 1371 (OH Ct. App. 1988) ................................................................................. 10

*White v. Baxter Healthcare Corp.*,
    533 F.3d 381 (6th Cir. 2008) ................................................................................. 6

## STATUTES

35 U.S.C. § 291 ................................................................................. 7

## OTHER AUTHORITIES

37 C.F.R § 1.321(c) ................................................................................. 14, 15, 16, 17

FED. R. CIV. P. 56 ................................................................................. 6

I.    **Introduction and Summary**.

This motion for summary judgment for lack of standing is directed to Counts 3, 4 and 6 of the Greenes' First Amended Complaint (case no. 38, dkt. 23) and corresponding claims in the First Claim for Relief of Ab Coaster Holdings' Complaint (case no. 238, dkt. 1). These claims relate to certain U.S. patents asserted by Ab Coaster Holdings in this litigation, even though Ab Coaster Holdings does not have standing to assert these patent infringement claims.

This motion is based on unambiguous documentary evidence produced by Ab Coaster Holdings and public records of the U.S. Patent and Trademark Office.  On October 14, 2011, Ab Coaster Holdings certified that its discovery responses were complete and correct consistent with Rule 26 (*see* Dkt. 69).  This matter is therefore ripe for decision by the Court.

Standing to assert a claim for patent infringement requires that the party alleging infringement (i.e. Ab Coaster Holdings) must have been the legal owner of the asserted patent at the time infringement is alleged to have occurred.  *Crown Die & Tool Co. v. Nye Tool & Machine Works*, 261 U.S. 24, 40-41 (1923) ("the plaintiff … must be the person or persons in whom the legal title to the patent resided at the time of the infringement");  *see also Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991).

Under controlling Federal Circuit law, standing must be established when the lawsuit is filed and cannot be cured by a later executed *nunc pro tunc* assignment to acquire legal title. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 2008).  Establishing ownership, i.e. legal title, to a patent requires documenting a chain of title from the inventors

to the alleged owner, with each link in the chain of title memorialized in writing, to establish that the plaintiff was in fact the legal owner during the time of the alleged infringement and prior to the litigation.  *Id.*  As demonstrated below, a thorough review of the relevant assignment documents demonstrates that Ab Coaster Holdings does not have standing to assert several of patents that are the subject of this motion.

In addition, certain patents in suit are unenforceable pursuant to the terminal disclaimers filed in the respective applications for patent.[1]  A terminal disclaimer is a tool used by applicants to overcome certain rejections during prosecution of a patent application. The terminal disclaimer states that a patent issued from the disclaimed application is only enforceable during such time as the patent issued with the terminal disclaimer is commonly owned with the prior patent(s) or patent application(s) identified in the terminal disclaimer. As explained below, several of the patents claimed to be infringed by Ab Coaster Holdings are subject to terminal disclaimers, and as such, those patents are unenforceable because Ab Coater Holdings lacks the required common ownership.

---

[1] An excerpt from Chisum on Patents, a leading patent treatise, is attached hereto as Exhibit 13, and includes an overview of terminal disclaimers.  Section 9.04[5] entitled  "Terms and Effect of Disclaimer" is primarily relevant for purposes of this motion.

II.     **Statement of Undisputed Facts.**

The following facts are undisputed and form the basis for the relief requested herein:

A.     **Identification of Patents.**

1.     Ab Coaster Holdings, Inc. purports to be the owner of United States Patent Nos. 7,455,633 (the '633 patent), 7,485,079 (the '079 patent); 7,585,263 (the '263 patent); 7,611,445 (the '445 patent); and D584,367 (the '367 patent).[2]  *See* Ab Coaster Holdings' Complaint ¶ 10 (case no. 238, dkt. 1).

2.     Each of these patents was prosecuted in the United States Patent and Trademark Office by the law firm of Cislo & Thomas.  The application serial number and Cislo & Thomas docket number corresponding to each patent are reflected in the following table.

**Table 1: Patent Identification Summary**

| Patent No. | Application No. | Cislo Docket No. | Date filed | Date Issued |
|---|---|---|---|---|
| 7,455,633 | 11/607,745 | 06-17617 | 11/6/2006 | 11/25/2008 |
| 7,485,079 | 11/983,040 | 07-19951 | 11/5/2007 | 2/3/2009 |
| 7,585,263 | 11,982,856 | 07-19242 | 11/5/2007 | 9/8/2009 |
| 7,611,445 | 12/211,800 | 08-21492 | 9/16/2008 | 11/3/2009 |
| D 584,367 | 29/305,500 | 09-22242 | 3/21/2008 | 1/6/2009 |

3.     The information summarized in Table 1 is public record and is available in the bibliographic data summary for each patent available from the USPTO's Patent Application Information Retrieval (PAIR) system.  *See* Ex. 1, USPTO Application Data Summaries.  For clarity, these patents and their corresponding applications will be referred to solely by the patent number as issued.  Such references should be understood to refer to the issued patent and/or the related as application, as appropriate in the circumstances.

---

[2] Ab Coaster Holdings purports to own other patents that are not relevant for purposes of this motion.

**B.      Assignments related to U.S. Patent No. 7,455,633.**

4.      On December 11, 2006, inventors Wallace Brown and Robert W. Nelson assigned the '633 patent to Tristar Products, Inc.  *See* Ex. 2, AB01774 (Utility Patent Assignment for Cislo & Thomas Docket No. 06-17617).

5.      On June 29, 2007 Tristar Products, Inc. assigned the '633 patent to Ab Coaster Holdings, Inc.  *See* Ex. 3, AB01782 (Patent Assignment for U.S. Patent Application Serial No. 11/607,745, filed November 30, 2006).

6.      Ab Coaster Holdings, Inc. owns the '633 patent.

**C.      Assignments related to U.S. Patent No. 7,585,263.**

7.      On October 26, 2007, inventors Wallace Brown and Robert Nelson assigned the '263 patent to Ab Coaster Holdings, Inc. *See* Ex. 4, AB00259 (Patent Assignment for Cislo & Thomas Docket No. 07-19242).

8.      Ab Coaster Holdings, Inc. owns the '263 patent.

**D.      Assignments related to U.S. Patent No. 7,611,445.**

9.      There are no recorded assignment documents for the '445 patent.  *See* Ex. 5, Search Results for U.S. Patent No. 7,611,445.

10.      Ab Coaster Holdings, Inc. did not identify or produce any documents assigning ownership of the '445 patent.

11.      As an unassigned patent, the '445 patent is owned by inventors Don Brown and Robert Nelson.  Ab Coaster Holdings, Inc. does not own the '445 patent.

**E.      Assignments related to U.S. Patent No. 7,485,079.**

12.      A document purporting to be an assignment of the '079 patent was recorded with the USPTO at Reel 020150, Frame 0195. *See* Ex. 6, GRN00514 (certified copy of the recorded document from the USPTO Assignment Division).  The document recorded at Reel 020150, Frame 0195 assigns the patent application identified as Cislo & Thomas Docket No. 07-19242 (*see* Ex. 6, GRN00515), which corresponds to the '263 patent as noted in Table 1 above.

13.      Ab Coaster Holdings, Inc. did not identify or produce any documents assigning ownership of the '079 patent.

14.      As an unassigned patent, the '079 patent is still owned by inventors Don Brown and Robert Nelson.  Ab Coaster Holdings, Inc. does not own the '079 patent.

**F.      Assignments related to U.S. Design Patent No. D584,367.**

15.      On March 23, 2009, Don Brown and Robert Nelson assigned the '367 patent to Ab Coaster Holdings LLC, a Delaware limited liability company.  *See* Ex. 7, AB01789 (Design Patent Assignment to Ab Coaster Holdings LLC).

16.      There is no entity known as Ab Coaster Holdings LLC organized under the laws of the State of Delaware.  *See* Ex. 8, search results from Delaware Division of Corporations website.

17.      In July 2010, after the filing of the present litigation, Don Brown and Robert Nelson executed a *nunc pro tunc* assignment of the '367 patent to Ab Coaster Holdings, Inc., a Delaware corporation.  *See* Ex. 9, GRN00901-06 (certified copy of the recorded document from the USPTO Assignment Division).  The *nunc pro tunc* assignment was recorded with the

U.S. Patent and Trademark Office on August 5, 2010. *See* Ex. 9 (USPTO Abstract of Title for U.S. Patent No. D584,367).

18.     Ab Coaster Holdings <u>did not produce</u> the *nunc pro tunc* assignment in response to the Greenes' discovery requests.

## III.   <u>Argument</u>.

The Court should grant summary judgment as to the issues and claims presented here because the pleadings, discovery and disclosure materials on file demonstrate that Ab Coaster Holdings lacks standing to assert the patent infringement claims, and therefore the Greenes are entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

The party opposing the motion may not rest upon the mere allegations and denials contained in its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008). Under this standard, Ab Coaster Holdings must respond to the Greenes' motion with specific facts that show a genuine issue for trial. *See* FED. R. CIV. P. 56(e). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Here, the unambiguous documentary evidence reveals that there are no genuine issues of material fact, and that the Greenes are entitled to summary judgment on each of the issues set forth herein.

## A. Ab Coaster Holdings lacks standing to enforce U.S. Patent Nos. 7,611,445; 7,485,079; and D584,367.

"The issue in determining standing is whether the claimant possesses legal title ownership of the patent." *Arachnid*, 939 F.2d at 1579 (quoting Chisum on Patents § 21.03[2][f]). The party alleging infringement "must not only have a legal title to the patent, but must have also been its owner at the time of the infringement." *Crown Die & Tool*, 261 U.S. 24, 40-41. The party alleging infringement must also establish its standing "at the time of the lawsuit." *Paradise Creations v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003); *see also Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir 2008).

Failure to acquire legal title to the patents in suit cannot be cured. *Enzo*, 134 F.3d at 1093; *see also Arachnid*, 939 F.2d at 1579. The party alleging infringement must possess legal title during the time of the alleged infringement and prior to the time the lawsuit was filed. *Id.* Subsequently executed, retrospective assignments cannot cure this fatal defect. *Id.* "Nunc pro tunc assignments are not sufficient to confer retroactive standing." *Id.* "Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue." *Id.*

To establish ownership, a chain of title must be documented beginning with the named inventors on the patent and ending with the party claiming ownership of the patent. *See Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993) (noting that ownership of a patent, or the application for the patent, initially vests in the named inventors and is then assignable by an instrument in writing). Each link in the chain of title must be evidenced by a <u>written assignment</u>. 35 U.S.C. § 291 ("Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing."). The

fundamental purpose of written assignments is to prevent parties from engaging in "revisionist history" to assert rights that never existed. *See Enzo*, 134 F.3d at 1093 (affirming requirement for written assignment).

As demonstrated below, Ab Coaster Holdings did not have legal title to the '445 patent, the '079 patent, or the '367 patent during the time of the alleged infringement, and therefore lacks standing to assert these patents in the present action. Moreover, the lack of standing cannot be cured and therefore summary judgment should be entered on Ab Coaster Holdings claims of infringement with regard to each of these patents.

> **1.  Ab Coaster Holdings does not own legal title to the '445 patent.**

The '445 patent was never assigned and therefore is still owned by the named inventors, Don Brown and Robert Nelson.

There are no assignments of the '445 patent. A search of the USPTO Patent Assignment records identified no recorded assignments for the '445 patent. *See* Ex. 5. Ab Coaster Holdings did not identify or produce any assignment documents transferring ownership of the '445 patent. The Greenes requested through both interrogatories and document requests any and all documents transferring ownership of the patents at issue, and Ab Coaster Holdings certified its compliance with discovery requirements. *See* Ex. 10, Response to Interrogatory No. 2; Ex. 11, Ab Coaster Holdings's Certificate of Compliance with Discovery Requirements. Therefore if any such assignment document existed it would have been produced.

Having failed to acquire ownership of the '445 patent, Ab Coaster Holdings has no standing to assert infringement of the '445 patent as it attempts in the present litigation. *Paradise*, 315 F.3d at 1309.

### 2.    Ab Coaster Holdings does not own legal title to the '079 patent.

The '079 patent was never assigned and therefore is still owned by the named inventors, Wallace (Don) Brown and Robert Nelson.

As with the '445 patent above, Ab Coaster Holdings did not produce any assignment documents transferring ownership of the '079 patent.  The Greenes requested through both interrogatories and document requests any and all documents transferring ownership of the patents at issue, and Ab Coaster Holdings certified its compliance with discovery requirements.  Therefore if any such assignment document existed it would have been produced.

Ab Coaster Holdings may attempt to rely upon the document attached as Exhibit 6 (the "Alleged Assignment") to establish title to the '079 patent.  The Alleged Assignment, dated October 26, 2007, was recorded with the USPTO Assignment Division by Ab Coaster Holdings' prior counsel, Dan Cislo.  *See* Ex. 6.  The document identifies the property (i.e. patent application) being assigned as Cislo & Thomas Docket No. 07-19242, which corresponds to U.S. Patent No. 7,585,263 (*see* Table 1 above).  In contrast, the '079 patent corresponds to Cislo & Thomas Docket No. 07-19951.  As such, the Alleged Assignment did not assign ownership of the application for the '079 patent, but rather, assigned ownership of a <u>different</u> patent application.

Ab Coater Holdings may argue that the docket number reflected on the Alleged Assignment is merely a typographical error, and that the inventors, Brown and Nelson, intended to assign the application for the '079 patent to Ab Coaster Holdings. It is well established that the subjective intent of the parties to a contract is not controlling. "If a contract is clear and unambiguous, the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties." *Serengetti Construction Company v. City of Cincinnati*, 553 N.E.2d. 1371, 1375 (OH Ct. App. 1988); *see also Hunt Const. Group, Inc. v. U.S.*, 281 F.3d 1369, 1373 (Fed. Cir. 2002). "A contract is unambiguous when there is only one reasonable interpretation." *Grumman Data Systems Crop. v. Dalton*, 88 F.3d 990, 997 (Fed. Cir. 1996). Here, the Alleged Assignment unmistakably identifies the application for the '263 patent rather than the application for the '079 patent.

Ab Coaster Holdings may emphasize the recordal of the Alleged Assignment, but the recordal of a document with the USPTO does not affect title to the patent or patent application. "[T]he mere fact that an assignment was recorded in the PTO does not, without more, prove that a valid assignment actually took place." *Gaia Tech., Inc. v. Reconversion Tech., Inc.*, 93 F.3d 774, 778 n.3, *amended* 104 F.3d 1296 (Fed. Cir. 1996). The recordation process is not a substantive review of the content of the purported assignment. To acquire ownership of the application for the '079 patent, Ab Coaster Holdings was required to obtain a valid written assignment from the inventors. It did not. Therefore, the inventors, Brown and Nelson, still own the '079 patent, and Ab Coaster Holdings lacks standing to allege infringement of the '079 patent in the present litigation.

### 3. Ab Coaster Holdings did not own legal title to the '367 patent during the time of the alleged infringement.

Ab Coaster Holdings did not have legal title to the '367 patent during the period of alleged infringement or when this litigation was filed, but acquired title <u>afterwards</u> in July 2010 through a *nunc pro tunc* assignment.  Under Federal Circuit law, that is not permitted.

Put simply:  **"Nunc pro tunc assignments are not sufficient to confer retroactive standing."**  *Enzo*, 134 F.3d at 1093 (emphasis added); *see also Gaia Tech.*, 93 F.3d at 779.  The Federal Circuit has stated a party asserting a patent "must demonstrate that it held enforceable title to the patent <u>at the time of the lawsuit</u>."  *Paradise*, 315 F.3d at 1309 (emphasis added).  Failure to acquire legal title to the patents prior to the lawsuit cannot be cured.  *Enzo*, 134 F.3d at 1093.  "Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue."  *Id.*

Regarding the '367 patent, the inventors of the '367 patent, Brown and Nelson, originally executed an assignment to a non-existent company, namely, Ab Coaster Holdings LLC, a Delaware limited liability company.  *See* Ex. 7.  It is basic property law that an assignment to a non-existent entity is a nullity, and as a result, ownership of the '367 patent remained vested in Brown and Nelson.

Ab Coaster Holdings Inc. commenced litigation against the Greenes in January 2010, including alleged claims for infringement of the '367 patent.  At the time the lawsuit was filed by Ab Coaster Holdings,  Ab Coaster Holdings had not acquired legal title to the '367 patent.  Ab Coaster Holdings, apparently discovered the defective title of the '367 patent, and in July 2010, inventors Brown and Nelson executed a *nunc pro tunc* assignment to Ab

Coaster Holdings, Inc. attempting to cure the title defect.  Ab Coaster Holdings' former counsel then recorded the *nunc pro tunc* assignment with the USPTO on August 5, 2010.  *See* Ex. 9.

The *nunc pro tunc* assignment is not only ineffective to cure the title defect, but also demonstrates Ab Coaster Holdings' tacit concession that it lacked standing to bring this suit for infringement of the '367 patent in the first instance.  The Court may note that even though the *nunc pro tunc* assignment is clearly responsive to the Greene's discovery requests and fatal to Ab Coaster Holding's claim, the *nunc pro tunc* assignment was <u>never</u> produced by Ab Coaster Holdings even though it certified compliance with those discovery requests.  Under applicable Supreme Court and Federal Circuit law, including at least *Crown Die & Tool*, *Arachnid*, *Enzo*, and *Gaia Tech*, upon discovering that Ab Coaster Holdings lacked legal title to the '367 patent, Ab Coaster Holdings was aware that it did not have standing to maintain a suit against the Greenes with respect to the '367 patent.

**4.      Ab Coaster Holdings cannot cure the lack of standing.**

The Federal Circuit has held that a party must have standing at the time the lawsuit is filed based on ownership of the patent during the times that infringements are alleged to have occurred.  *Paradise*, 315 F.3d at 1309.  The Federal Circuit has also held that the lack of standing cannot be cured by acquiring title to a patent after the lawsuit has begun.  *Enzo*, 134 F.3d at 1093; *Arachnid*, 939 F.3rd 1579.  As such, Ab Coaster Holdings cannot cure its lack of standing and its claims against the Greenes with respect to these patents must be dismissed.

While there are limited exceptions to the rule that a party must hold legal title documented by written assignments, those exceptions are not available to Ab Coaster.  First, Ab Coaster Holdings cannot claim standing as an exclusive licensee of any patents as this would be in direct contradiction to its claim to be the "owner of certain intellectual property" including the patents in question.  *See* Ab Coaster Holdings' Complaint ¶ 10 (case no. 238, dkt. 1).

Second, the patents in question are continuation-in-part patents and therefore do not qualify for the exception that allows for the assignment of one application to carry over to another patent application.  *See Affymetrix, Inc. v. Pe Corp.*, 2002 U.S. Dist. LEXIS 24649, at *8 (S.D.N.Y. Dec. 24, 2005) (noting that "under PTO regulations the assignment of an application does not carry over to derivative applications that are only a continuation-in-part of the one for which rights have been assigned).

Finally, Ab Coaster Holdings cannot now conjure up a long lost assignment document to cure its defective title.  The Greenes requested the identification and production of any and all documents evidencing a transfer of ownership in the subject patents. *See* Ex. 10, Response to Interrogatory No. 2;  Ex. 12,  Request Nos. 4 and 11.  Ab Coaster Holdings certified compliance with its discovery obligations, including attesting that its responses were complete and correct. Ex. 11.  As noted above, in spite of that certification, Ab Coaster failed to produce the revealing *nunc pro tunc* assignment document which was executed and recorded with the USPTO in the midst of ongoing discovery.

For these reasons, the Court should find that Ab Coaster Holdings did not own U.S. Patent Nos. 7,611,445; 7,485,079; and D584,367 during the time of the alleged infringement,

and did not own any of these patents at or before the time the present lawsuit was filed.  As

such, Ab Coaster Holdings lacks standing to assert these patents in the present action.

> **B.** **U.S. Patent Nos. 7,585,263; 7,485,079; and 7,611,445 are unenforceable in accordance with the terminal disclaimer filed in each application.**

> > **1.** **A terminal disclaimer ties two patents together, so they may only be enforced during such time as the patents are commonly owned.**

"A terminal disclaimer ties the affected patents together; they expire on the same date

and are enforceable only during periods in which they are owned by the same person." Ex.

13, Chisum on Patents, § 9.04[5] at 9-107 (2003).  When the common ownership

requirement is not satisfied, the patent issued based on the terminal disclaimer is

unenforceable.  "A terminal disclaimer … must … include a provision that any patent

granted on that application … shall be enforceable only for and during such period that said

patent is commonly owned with the application or patent which formed the basis for the

rejection."  37 C.F.R § 1.321(c).

The two essential requirements of a terminal disclaimer have been codified at 37

C.F.R § 1.321(c), and incorporated into the USPTO's standard terminal disclaimer forms.

First, the disclaimer shortens the term of the patent subject to the terminal disclaimer such

that the term expires no later than the referenced patent:

> [the owner] disclaims…the terminal part of the statutory term of any patent granted on the instant application which would extend beyond the expiration date of the full statutory term of any patent granted on pending reference Application Number ____, filed on____ …

Form PTO/SB/25.

Second, and critical in the present case, the disclaimer includes the common ownership requirement for the enforcement of the patent which was issued based on the terminal disclaimer.

> The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and any patent granted on the reference application are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

*Id; see also In re Van Orum*, 686 F.2d 937, 948 (C.C.P.A 1982) (upholding the common ownership requirement incorporated in 37 C.F.R § 1.321(c) and the USPTO's terminal disclaimer form);  *In re Griswold*, 365 F.3d 834, 840 (C.C.P.A. 1966) (endorsing co-expiration and common ownership requirements).

Consequently, when a patent is subject to a terminal disclaimer, the resulting patent is enforceable "only for and during such period" as the patent is commonly owned with the referenced patent necessitating the disclaimer.  When the common ownership requirement is not satisfied, courts hold the patent unenforceable.  *See, e.g.*, *Enovsys LLC v. Nextel Communs., Inc.*, 2008 U.S. Dist. LEXIS 118191, at *6 (C.D. Cal. Feb. 26, 2008) (holding patent unenforceable under terminal disclaimer due to lack of common ownership).

### 2.    The terminal disclaimer renders the '263 patent unenforceable.

The '263 patent is subject to a terminal disclaimer filed during prosecution of the application resulting in the '263 patent.  *See* Ex. 14 (excerpt of file history for the '263 patent including terminal disclaimer filed on Dec. 24, 2008).  The terminal disclaimer ties the '263

patent to the '079 patent,[3] such that the '263 patent is only enforceable during the time that the both patents are commonly owned.  *See* 37 C.F.R. § 1.321(c).

For the reasons set forth above, the '263 patent and the '079 patent are not commonly owned, and have not been commonly owned at any time relevant to this case. The '263 patent is owned by Ab Coaster Holdings, Inc. as the result of an assignment from inventors Brown and Nelson.  *See* Ex. 4.  As previously shown, the '079 patent is not owned by Ab Coaster Holdings, Inc. because the Alleged Assignment did not transfer any rights to the '079 patent.  *See supra* section III.A.2 at pg. 9-10.  The terminal disclaimer therefore renders the '263 patent unenforceable.

### 3.    The terminal disclaimers render the '079 patent and '445 patent unenforceable.

As previously discussed, Ab Coaster Holdings lacks standing to assert the '079 patent and the '445 patent in the present action.  Ab Coaster Holdings also cannot assert these patents for past infringement against any party because both the '079 patent and the '445 patent were issued based on terminal disclaimers, and the patents are not commonly owned with the patents to which they are they are tied by their respective terminal disclaimers.

As shown in the prosecution history, the '079 patent is terminally disclaimed to the '633 patent.[4]  *See* Ex. 15 (excerpt of file history for the '079 patent including terminal disclaimer filed on July 7, 2008).  The '079 patent is therefore only enforceable during the time that the '079 patent and the '633 patent are commonly owned.  *See* 37 C.F.R. § 1.321(c).

---

[3] The '079 patent was identified by its application s/n 11/983,040 in the terminal disclaimer.
[4] The '633 patent was identified by its application s/n 11/607,745 in the terminal disclaimer.

For the reasons set forth above, the '079 patent and the '633 patent are not commonly owned, and have not been commonly owned at any time relevant to this action. The '633 patent is owned by Ab Coaster Holdings, Inc.  *See* Ex. 2, Ex. 3.  As previously established, the '079 patent is not owned by Ab Coaster Holdings, Inc. because the Alleged Assignment did not transfer any rights to the '079 patent.  *See supra* section III.A.2 at pg. 9-10.  The terminal disclaimer therefore renders the '079 patent unenforceable as in this case.

As shown in the prosecution history, the '445 patent is terminally disclaimed to the '263 patent.[5]  *See* Ex. 16 (excerpt of file history for the '445 patent including terminal disclaimer filed on May 7, 2009).  The '445 patent is therefore only enforceable during the time that the '445 patent and the '263 are commonly owned.  *See* 37 C.F.R. § 1.321(c).

For the reasons set forth above, the '445 patent and the '263 patent are not commonly owned, and have not been commonly owned at any time relevant to this case. The '263 patent is owned by Ab Coaster Holdings, Inc. as the result of an assignment from inventors Brown and Nelson.  *See* Ex. 4.  As previously established, the '445 patent is not owned by Ab Coaster Holdings, Inc. because the '445 patent is still owned by the inventors, Brown and Nelson.  *See supra* section III.A.1, pg. 8-9.  The terminal disclaimer therefore renders the '445 patent unenforceable in this case.

## IV.  <u>Conclusion</u>.

In view of the documentary evidence produced by Ab Coaster Holdings and available from the U.S. Patent and Trademark Office, there is no genuine dispute that Ab Coaster Holdings lacks standing to enforce the '445 patent, the '079 patent, and the '367 patent.

---

[5] The '263 patent was identified by its application s/n 11/982,856 in the terminal disclaimer.

Additionally, as Ab Coaster Holdings has failed to maintain the common ownership required by the terminal disclaimers applicable to each patent, the '263 patent, the '079 patent, and the '445 patent are rendered unenforceable. These conclusions are summarized in the following table:

**Table 2: Summary of Disposition**

| Patent No. | Summary of Disposition |
|---|---|
| 7,455,633 | *not addressed by this motion* |
| 7,485,079 | **No standing**; Unenforceable under terminal disclaimer to '633 patent |
| 7,585,263 | Unenforceable under terminal disclaimer to '079 patent |
| 7,611,445 | **No standing**; Unenforceable under terminal disclaimer to '263 patent |
| D 584,367 | **No standing** as shown by withheld *nunc pro tunc* assignment |

Accordingly, the Greenes respectfully request that the Court grant summary judgment, declare that Ab Coaster Holdings lacks standing to enforce U.S. Patent Nos. 7,611,445; 7,485,079; and D 584,367, and further declare that U.S. Patent Nos. 7,585,263; 7,485,079; and 7,611,445 are rendered unenforceable by their respective terminal disclaimers due to the lack of common ownership.

Respectfully submitted,
/s/Arland T. Stein
Arland T. Stein, Trial Attorney (0007310)
Rex W. Miller, II (0085324)
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
Tele: 614/221-0240
Fax: 614/221-5909
E-mail: astein@hahnlaw.com
rmiller@hahnlaw.com

Attorneys for Plaintiffs
Brian Greene, Penny Greene, &
Professional Billing Consultants, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2011, I electronically filed the foregoing Plaintiff Greenes' Brief In Support Of Motion For Summary Judgment As To The Lack Of Standing And Unenforceability Of Certain Patents with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:

N. Trevor Alexander, Esq.
Chet J. Bonner, Esq.
John T. Wiedemann, Esq.
CALFEE, HALTER & GRISWOLD LLP
21 East State Street, Suite 1100
Columbus, Ohio 43215-4243
Tel: (614) 621-1500/ Fax: (614) 621-0010
Email: talexander@calfee.com
        cbonner@calfee.com
        jwiedemann@calfee.com

Noam Kritzer, Esq.
Edward P. Bakos, Esq.
BAKOS & KRITZER
147 Columbia Turnpike
Florham Park, New Jersey 07932
Tel:  (908) 273-0770 / Fax: (973) 520-8260
Email: nkritzer@bakoskritzer.com
        ebakos@bakoskritzer.com

Attorneys for Defendant
Ab Coaster Holdings, Inc.

/s/Arland T. Stein
One of the Attorneys for Plaintiffs
Brian Greene, Penny Greene, &
Professional Billing Consultants, Inc.