IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brian Greene, et al., :

    Plaintiffs, :

  v. : Case No. 2:10-cv-38

Ab Coaster Holdings, Inc., : JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

    Defendant. :

Ab Coaster Holdings, Inc. :

    Plaintiff, :

  v. : Case No. 2:10-cv-234

Brian Greene, et al., , : JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

    Defendants. :

## OPINION AND ORDER

This case is before the Court to consider a motion for leave to file a third amended complaint filed by plaintiffs Brian Greene, Penny Greene and Professional Billing Consultants, Inc. This motion has been fully briefed. For the following reasons, the motion will be granted in part and denied in part.

### I. Background

The Greenes filed the original complaint in Case No. 2:10-cv-38 on January 13, 2010. On April 6, 2010, the Court granted leave to file a first amended complaint although the motion for leave was filed within the time frame for the Greenes to amend as of right. By order dated January 30, 2012, the Greenes were granted leave to file a second amended complaint.

In their second amended complaint, the Greenes sought a declaratory judgment that they have not infringed any of Ab Coaster's patents, that the patents are invalid or unenforceable,

that this is an exceptional case supporting an award of costs and attorneys' fees under 35 U.S.C. §285, that Ab Coaster's trademark registration is cancelled and that they have not infringed Ab Coaster's trademark or any valid copyright, and that they have not engaged in unfair competition under state or federal law. They requested that the Court enter judgment in their favor for attorneys' fees as the prevailing party in a copyright action pursuant to 17 U.S.C. §505 and enter judgment in their favor in an amount to be determined pursuant to 35 U.S.C. §292 for Ab Coaster's acts of false marking. The false marking allegation requested that a penalty be levied against Ab Coaster of up to $500 per offense pursuant to 35 U.S.C. §292(a) as allowed by the qui tam nature of the statute in effect at the time the suit was filed.

Prior to the filing of the second amended complaint, the Leahy-Smith America Invents Act was enacted. Leahy-Smith America Invents Act, Pub.L. No. 112-29 (125 Stat. 284) (Sep. 16, 2011). Part of this new Act amended 35 U.S.C. §292, specifically limiting, among other things, who can sue for the penalty authorized by 35 U.S.C. §292(a), thereby eliminating the qui tam provision of the statute. Id. Consequently, following the enactment of the America Invents Act, private suits may be brought only by persons who have "suffered a competitive injury as a result of a violation" of the false marking statute, and damages are limited to that which is "adequate to compensate for the injury." Hollander v. Ortho-McNeil-Janssen Pharmaceuticals, 2012 WL 85437, *1 (E.D. Pa. January 10, 2012); 35 U.S.C. §292(b). Further, the Act stated that "[t]he amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act."

On February 13, 2012, Ab Coaster filed a motion to dismiss

Count Ten of the Greenes' second amended complaint relating to the false marking claim under 35 U.S.C. §292. This motion is currently pending. The motion raises two grounds for dismissal. The first ground is that the qui tam portion of Count Ten was eliminated by the America Invents Act. The second ground is that the Greenes have not adequately pleaded a claim for false marking under 35 U.S.C. §292, as amended by the America Invents Act, because they have not alleged a competitive injury.

Following the briefing on the motion to dismiss, the Greenes moved for leave to file the third amended complaint which is the subject of this order. Through this motion, the Greenes seek to withdraw without prejudice the qui tam portion of their false marking claim set forth in Count 10 of the second amended complaint. They also seek to add factual allegations addressed to the competitive injury portion of that claim in order to address the deficiencies identified in the motion to dismiss.

Ab Coaster opposes the Greenes' motion to file a third amended complaint on grounds similar to those asserted in its motion to dismiss. The primary focus of this opposition is that the qui tam portion of the Greenes' false marking claim must be dismissed with prejudice. Beyond this, however, Ab Coaster contends that the Greenes have not demonstrated good cause for amending after the established deadline. Further, assuming the Greenes have established good cause, Ab Coaster argues that allowing the withdrawal of the qui tam claim would amount to a waste of resources since the issue has been fully briefed, that the proposed amendments are futile, and that it would be prejudiced by the proposed amendments.

In reply, the Greenes argue that their proposed amendments will simplify the issues in this case. Further, they contend that they have established good cause for amending after the deadline because the proposed amendments will moot the qui tam

portion of the motion to dismiss resulting in judicial economy. Additionally, they assert that they are not seeking to add new claims or theories but are simply setting forth additional facts to support the allegations of competitive injury relating to their false marking claim.

Both parties have filed supplemental authority, Rogers v. Tristar Products, Inc., 2012 WL 1660604 (Fed. Cir. May 2, 2012), addressed to the issue of qui tam actions under 35 U.S.C. 292(a) following the signing of the America Invents Act.

## II. Legal Standard

Fed. R. Civ. P. 15(a), states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be given freely when justice so requires." However, when, as here, the deadline established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the Court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" Commerce Benefits Group, Inc. v. McKesson Corp., 326 Fed. Appx. 369, 376 (6th Cir. 2009) quoting Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003); see also Hill v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003) Consequently, the Court is permitted to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b).

Further, although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders

are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005)). The Sixth Circuit, in recently upholding a district court's denial of additional time for discovery, discussed various factors to be considered under Rule 16(b) but reiterated that "'[t]he overarching inquiry ... is whether the moving party was diligent ....'" Bentkowski v. Scene Magazine, 637 F.3d 689, 696 (6th Cir. 2011) quoting Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010). It is with these standards in mind that the

instant motion will be decided.

### III. Analysis

That the deadline for seeking leave to amend has passed is not in dispute here. According to the Court's order dated September 12, 2011, that date was December 1, 2011 - a full four months prior to the Greenes' filing of their request for leave to file a third amended complaint and the date on which the Greenes sought leave to file, in light of the revisions to 292(b) following the adoption of the America Invents Act, a second amended complaint asserting a claim of competitive injury in connection with its false marking allegations. The Greenes, however, do not address the good cause requirement of Rule 16(b) in their motion for leave, instead arguing only in terms of Rule 15(a).

In their reply, on the other hand, following Ab Coaster's raising of the issue in its response, the Greenes state that they "do not dispute that Rule 16(b) applies to amendments filed after the date specified in the scheduling order." They go on to contend that, because their proposed amendments "withdraw[] a claim from the present action, simplif[y] the issues to be decided, and streamline[] the Court's docket by mooting a portion of the pending motion to dismiss," they have satisfied the good cause requirement of Rule 16(b).

The argument the Greenes set forth with respect to their demonstration of good cause, although not framed in terms of the factors relevant under Rule 16(b), appears to be addressed only to their proposed withdraw of the qui tam claim and does not address in any way the reason for the delay in proposing additional factual allegations relating to competitive injury. As a result, with respect to the additional factual allegations set forth in paragraphs 92 through 99 of the proposed third amended complaint, the Greenes have not offered any information

to demonstrate to the Court that they could not reasonably have amended their complaint prior to the scheduling deadline.

Instead, much of their argument in support of allowing this proposed amendment demonstrates just the opposite. For example, they contend that these factual allegations have been well known for some time. As they state in their motion for leave,

> ...Ab Coaster Holdings is now and has been aware of the facts demonstrating its intent to deceive the public. Ab Coaster Holdings is and has been aware of the nature of the injuries inflicted upon the Greens (sic) by Ab Coaster's misrepresentations regarding its intellectual property rights, including assertions of infringement based on patents not applicable to the product involved and assertions of infringement based on patents not owned by Ab Coaster Holdings. These facts have been previously documented in detail at least in the Greenes' pending motions for summary judgment, in the Opposition to the pending motion to dismiss, and in various pleading (sic) before both this Court and the U.S. Bankruptcy Court.

Further undermining any showing of good cause, the Greenes suggest that the only reason they are proposing these allegations at all is in an effort to placate Ab Coaster. As they state in their motion,

> The Greenes maintain that Ab Coaster Holdings' demand for additional detail in the complaint is inappropriate and not required under the Federal Rules or applicable precedent. Nevertheless, in the interest of advancing this matter to resolution on the merits, the Greenes have incorporated this additional detail into the proposed amended complaint.

Based on this record, the Court has no basis on which to conclude that the Greenes exercised due diligence in moving for leave to amend to include the proposed additional factual allegations in Count 10 after the deadline. Accordingly, they have not established the good cause required for a modification of the case schedule under Rule 16(b) and the Court need not undertake any analysis under Rule 15(a) with respect to the

additional factual allegations contained at paragraphs 92-99.
Consequently, the motion for leave to amend will be denied as it
relates to these additional allegations in Count 10.

This brings the Court to the issue of the withdrawal of the
qui tam portion of the false marking claim. Certainly, the
withdrawal of a claim does not present the same type of concerns
- new theories of recovery or the imposition of additional
discovery requirements - that underlie the consideration of the
moving party's diligence in seeking leave to amend. While that
is the primary issue to be considered under Rule 16, as discussed
above, the Sixth Circuit has held that the issue of prejudice to
the opposing party also is a relevant consideration.
Accordingly, the Court will consider the issue of whether
prejudice to Ab Coaster would result from the withdrawal of the
Greenes' qui tam claim.

Ab Coaster's arguments relating to prejudice are made
primarily within the context of its arguments relating to the
standard for amending under Rule 15. Further, many of these
assertions of prejudice are more relevant to the proposed
additional factual allegations in Count Ten. For example, Ab
Coaster argues that it will be required to "review all previously
provided discovery to determine whether production is complete
with respect to Plaintiffs' new theory of recovery," "file yet
another Answer," and "prepare a new defense strategy to counter
Plaintiffs' new unfounded and insufficiently pleaded theory of
recovery."

With respect to the withdrawal of the qui tam claim,
however, Ab Coaster appears to be arguing that prejudice exists
because resources have been expended on briefing the issue in
connection with the motion to dismiss. Generally, this is not
the type of prejudice deserving of much weight. Again, the
proposed withdrawal of a claim does not raise the same type of

-8-

concerns regarding prejudice as does the proposed addition of claims. For example, prejudice typically may be found where amendments to add claims after the close of discovery would require the reopening of discovery or the preparation of a new defense, or where a dispositive motion already has been submitted. See, e.g., Duggins v. Steak'n Shake, 195 F.3d 828, 834 (6th Cir. 1999); Weese v. Wyndham Vacation Resorts, 2009 WL 1884045 (E.D. Tenn. 2009). That simply is not the situation here.

Given that the Greenes are seeking to withdraw a claim and Ab Coaster has failed to cite any substantial prejudice relevant to Rule 16 considerations, the Court will consider the motion for leave to amend as it relates to the qui tam portion of the claim under the standard set forth in Rule 15. Rule 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the phrase "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the
> court considers whether the assertion of the new
> claim or defense would: require the opponent to
> expend significant additional resources to conduct
> discovery and prepare for trial; significantly
> delay the resolution of the dispute; or prevent
> the plaintiff from bringing a timely action in
> another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id.

The precise focus of Ab Coaster's argument regarding prejudice becomes more clear within the context of Rule 15. Ab Coaster's position is that the Greenes should not be allowed to withdraw their qui tam claim without prejudice in lieu of facing dismissal with prejudice by way of a ruling on the motion to dismiss. Some explanation of the basis for this argument, which is more fully detailed in connection with the motion to dismiss, is in order for purposes of the current motion for leave to amend. According to Ab Coaster, the Greenes, while admitting that they currently lack standing to maintain a qui tam claim, are requesting dismissal without prejudice so that if the retroactive elimination of qui tam claims is eventually found unconstitutional, they may request reinstatement of that claim based on a change in applicable law. Relying on Public Patent Foundations, Inc. v. McNeil-PPC, Inc. 2012 WL 527198 (S.D.N.Y. February 16, 2012), Ab Coaster contends that the Greenes' position has no merit. Ab Coaster quotes the following language from Public Patent in support of its position.

> The Court is not aware of any authority – and plaintiff has cited none - that allows a party who lacks standing to preserve a claim based upon the speculative potential that at some uncertain future date the law that currently deprives the plaintiff of standing may be deemed unconstitutional, paving the way for resuscitation of the dismissed claims. Accordingly, the dismissal must be with prejudice.

Id. at *2.

In further support of their position that the qui tam portion of the false marking claim must be dismissed with prejudice, Ab Coaster relies on the supplemental authority of Rogers v. Tristar, supra. Ab Coaster asserts that Rogers completely extinguishes the Greenes' theory that the retroactivity provision may someday be found unconstitutional. For these reasons, Ab Coaster contends that it will be prejudiced

-11-

by allowing the Greenes to withdraw the claim simply by amendment when it instead should be dismissed on its merits with prejudice.

A request to withdraw an existing count of a complaint as part of a motion to amend overlaps conceptually with the provisions of Rule 41(a)(2), which requires the permission of the court, or a stipulation, to dismiss a complaint after an answer to the complaint has been filed. As explained by the court in Innovation Ventures, LLC v. N2G Distributing, Inc., 2009 WL 6040220, *2 (E.D. Mich. July 10, 2009)

> The discretion to allow a party to withdraw a count in a complaint as part of a motion to amend appears to have similar limits to the discretion of the court to reach the same conclusion under Rule 41. Rule 41 does include the discretion to dismiss a matter with prejudice and that is not an insignificant difference.

See also Chambers v. Time Warner, Inc., 2003 WL 1107790, at *2 (S.D.N.Y. March 12, 2003) ("[A] Rule 15(a) amendment eliminating a claim is the same as a Rule 41(a) voluntary dismissal of the claim" and is subject to the same standard of review.); 6 Charles Alan Wright et al., Federal Practice and Procedure § 1479 (2012) ("[T]he same considerations are relevant to dropping [a] claim regardless of which rule [41(a) or 15(a)] is invoked.").

Within the context of Rule 41(a)(2), an "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." Bridgeport Music, Inc. v. Universal-MCA Music Publ'g., Inc., 583 F.3d 948, 953 (6th Cir. 2009) quoting Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994). In considering whether prejudice would result, courts look to such factors as "'the defendant's efforts and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for

the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.'" Id. quoting Grover at 718.

Applying the above factors in the context of the Greenes' request to amend to withdraw their qui tam claim, the Court cannot conclude that Ab Coaster would be prejudiced by the withdrawal of that claim. The qui tam claim no longer exists. As a result, the motion to dismiss is effectively moot. See Premium Balloon Accessories, Inc. v. Creative Balloons Mfg., Inc., 2012 WL 443254, *2 (N.D. Ohio February 10, 2012). Under this circumstance, the Court does not believe that any interests of judicial economy would be served by precluding the Greenes from withdrawing the qui tam allegations. To the extent that Ab Coaster's insistence on a dismissal with prejudice was motivated by a desire to foreclose the Greenes' ability to potentially reinstate this claim, the existence of such potential seems highly unlikely following the decision in Rogers. For these reasons, the motion for leave to amend to the extent it seeks to withdraw the qui tam portion of Count 10 will be granted.

## IV. Conclusion

Based on the foregoing, the motion for leave to file a third amended complaint (#114 in Case No. 2:10-cv-38) is granted in part and denied in part as set forth above. Plaintiffs shall file a third amended complaint consistent with this order within seven days.

## APPEAL PROCEDURE

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to

-13-

objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge