IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN GREENE, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:10-CV-0038 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| AB COASTER HOLDINGS, INC., | : | Magistrate Judge Kemp |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| AB COASTER HOLDINGS, INC, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:10-CV-00234 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| BRIAN GREENE, *et al.*, | : | Magistrate Judge Kemp |
| | : | |
| Defendants. | : | |

## I. INTRODUCTION

This matter is before the Court on Plaintiffs', Brian Greene et. al., Motion for Summary

Judgment against Defendant Ab Coaster Holdings, Inc.  (Doc. 78)  Plaintiffs move for summary

judgment for a declaration that the patents at issue, U.S. Patent Numbers 7,485,079 ("the '079

patent"), 7,611,445 ("the '445 patent"), and 7,585,263 ("the '263 patent"), are "rendered

unenforceable by their respective terminal disclaimers."  For the reasons stated below, Plaintiffs'

Motion for Summary Judgment is, hereby, **DENIED**.

## II. STATEMENT OF FACTS

### A. Factual Background

Ab Coaster Holdings, Inc. ("Ab Coaster"), through its licensee, manufactures and distributes an exercise machine known as the Ab Coaster abdominal exercise device. Plaintiffs Brian and Penny Greene ("the Greenes") purchased for their daughter an Ab Coaster exercise device, which they subsequently sold on eBay. (Third Am. Compl. at 9; Doc. No. 124.) The Greenes purchased additional abdominal exercise devices that they "believed to be Ab Coaster products." *Id.* at 10. After learning that the Greenes were offering for sale abdominal exercise devices that they advertised on commercial internet websites as Ab Coaster abdominal exercise devices, and determining that the Greenes did not purchase the devices from Ab Coaster nor had it authorized the Greenes to be dealers, Ab Coaster sent the Greenes a letter demanding that they cease selling "the counterfeit devices [they] similarly refer to as 'Ab Coasters.'" (Third Am. Compl., Ex. 9; Doc. No. 124-9.)

### B. Procedural Background

On January 13, 2010, the Greenes filed in this Court a complaint for declaratory judgment that they have not infringed any of Ab Coaster's patents, that the patents are invalid or unenforceable, that Ab Coaster's trademark registration is invalid and should be cancelled, and that they have not infringed Ab Coaster's trademark or engaged in unfair competition. (Doc. No. 1.) Ab Coaster filed a motion to dismiss the Greenes' complaint. (Doc. No. 10.)

On January 20, 2010, Ab Coaster filed a complaint against the Greenes for patent and trademark infringement and unfair competition in the United States District Court for the Central District of California, alleging that the Greenes were selling counterfeit Ab Coaster exercise devises. The Central District of California transferred Ab Coaster's case to this Court where it

was assigned Case Number 2:1 0-cv-234. That case was then consolidated with the case filed by the Greenes against Ab Coaster, Case Number 2:1 0-cv-38.

On April 6, 2010, the Greenes filed their first amended complaint. (Doc. No. 23.) Ab Coaster filed a motion to dismiss the Greenes' first amended complaint. (Doc. No. 26.) Before the Court could rule on Ab Coaster's motion to dismiss, the Greenes filed for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 46.) On September 10, 2010, the Court deferred any further action in this consolidated case pending a decision of the bankruptcy court as to whether the automatic stay in force as a result of the Greenes' bankruptcy would be lifted. (Doc. No. 55.)

On August 23, 2011, the bankruptcy court lifted the automatic stay. (Doc. No. 63 at 2, Ex. 3.) On September 9, 2011, the Magistrate Judge held a status conference and issued an order resetting the schedule in this action. (Doc. No. 68.) On October 18, 2011, Ab Coaster filed its Motion to Reactivate Docket Number 26, Motion to Dismiss Plaintiffs' First Amended Complaint and for Leave to Amend Same. (Doc. No. 71.) Both parties then filed motions for leave to file amended complaints. (Doc. Nos. 84, 85.)

Ab Coaster filed its motion to amend its complaint on December 1, 2011. (Doc. No. 85.) In the memorandum in support of that motion, Ab Coaster explained that its proposed amended complaint omitted the causes of action for patent infringement, and added claims for copyright infringement and deceptive trade practices. (Doc. No. 85-1 at 3-4.)

In the Greenes' motion to amend, also filed on December 1, 2011, they asked permission to add certain factual allegations in support of one of their patent claims and to amend their false marking claim to include allegations of "competitive injury." (Doc. No. 84 at 3-4.)
On January 30, 2012, Magistrate Judge Kemp granted the parties' motions to amend their

complaints. (Doc. No. 98.) That order rendered moot Ab Coaster's Motion to Reactivate Docket Number 26, Motion to Dismiss Plaintiffs' First Amended Complaint and for Leave to Amend Same. (Doc. No. 71.)

On February 13, 2012, Ab Coaster filed its First Motion to Dismiss Plaintiffs' False Marking Claim, *i.e.,* Count 10 of the Greenes' second amended complaint. (Doc. No. 105.) On Apri l4, 2012, before Ab Coaster's motion was considered by the Court, the Greenes moved for leave to file a third amended complaint so that they could withdraw without prejudice the qui tam portion of their false marking claim and add factual allegations to support the competitive injury portion of that claim. (Doc. No. 114.) The Magistrate Judge granted the Greenes' request to withdraw the qui tam portion of Count 10 and denied their request to add factual allegations to further support that claim. (Doc. No. 122.) Thus, the third amended complaint contains the same claims that were alleged in the second amended complaint except for those amendments to Count 10. (Doc. No. 124.)

On July 9, 2012, Ab Coaster filed its Second Motion to Dismiss Plaintiffs' False Marking Claim (Doc. No. 128), which addresses the portion of Count 10 that remained after the Magistrate Judge permitted the Greenes to amend a portion of that claim. Ab Coaster's filing of that motion to dismiss rendered moot its previous motion to dismiss Count 10. (Doc. No. 105.) Prior to the filing of the third amended complaint, the Greenes had filed their Motion for Summary Judgment on Lack of Standing and Unenforceability of Certain Patents (Doc. No. 78) and Brief in Support (Doc. No. 79) and their Motion for Summary Judgment to Cancel U.S. Trademark Registration No. 3,407,362 (Doc. No. 81). The Greenes requested oral argument on those motions. (Doc. Nos. 100, 101.) Since those motions are addressed to, *inter alia,* claims

that are the same in the Greenes' second and third amended complaints, the motions were not rendered moot by the Greenes' third amended complaint.

In this Court's Opinion and Order of September 25, 2012, it denied as moot Ab Coaster's Motion to Reactivate Docket Number 26, Motion to Dismiss Plaintiffs' First Amended Complaint and for Leave to Amend Same Motion to Reactivate its Motion to Dismiss the Greenes' First Amended Complaint. (Doc. No. 71) The Court also denied as moot Ab Coaster's First Motion to Dismiss Plaintiffs' False Marking Claim, but the Court granted Ab Coaster's Second Motion to Dismiss Plaintiffs' False Marking Claim. (Doc. No. 128). In the same order, the Court granted the Greenes' Motion for Summary Judgment to Cancel U.S. Trademark Registration No. 3,407,362. The Court then denied as moot in part and denied in part the Greenes' Motion for Summary Judgment on Lack of Standing and Unenforceability of Certain Patents. (Doc. No. 78). At that time, the Greenes also moved for oral argument on the unenforceability of patents '079, '445, and '263. Since the Greenes disclosed new information on the unenforceability issue in their Reply, the Court denied their Motion for Summary Judgment because Ab Coaster had not had the opportunity to respond. Simultaneously, the Court granted the Greenes' request for oral argument on that issue to give each party the opportunity to be heard.

Thus, the sole remaining issue on the Greenes' Motion for Summary Judgment is whether patents '079, '445, and '263 are enforceable. The issue has been fully briefed, orally argued, and is now ripe for review.

### III. STANDARD OF REVIEW

Fed.R.Civ.P. 56 provides, in relevant part, that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." A fact is deemed material only if it "might affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States,* 20 F.3d 222, 224 (6th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986)).

The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.,* 8 F.3d 335, 339–40 (6th Cir.1993). The suggestion of a mere possibility of a factual dispute is insufficient to defeat a movant's motion for summary judgment. *See Mitchell v. Toledo Hospital,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 863 (6th Cir. 1986)). Further, "summary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248.  When a plaintiff, however, invokes summary judgment "and a showing is made by the [plaintiff], the burden rests on the [defendant] to show that he has a ground of defense fairly arguable and of a substantial character."  *Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co.*, 137 F.2d 871, 877 (6th Cir. 1943).

The necessary inquiry for this Court in determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir.1993) (quoting *Anderson,* 477 U.S. at 251–52.). In evaluating such a motion, the evidence must be viewed in the light most favorable to the nonmoving party. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *See Anderson,* 477 U.S. at 251;

*Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir. 1995).  Self-serving affidavits, alone, are not enough to create an issue of fact sufficient to survive summary judgment. *Wolfe v. Vill. of Brice, Ohio*, 37 F. Supp. 2d 1021, 1026 (S.D. Ohio 1999).  *See Anderson,* 477 U.S. at 251; *Copeland*, 57 F.3d at 479 (6th Cir. 1995).

## IV. LAW AND ANALYSIS

The Greenes request a declaration that the '079, the '445, and the '263 patents are rendered unenforceable by their respective terminal disclaimers.  "A terminal disclaimer ties the affected patents together; they expire on the same date and are enforceable only during periods in which they are owned by the same person." 3A-9 Chisum on Patents,§ 9.04[5] at 9-107 (2003). *See also* 37 C.F.R § 1.321(c) ("A terminal disclaimer ... must ... include a provision that any patent granted on that application ... shall be enforceable only for and during such period that said patent is commonly owned with the application or patent which formed the basis for the rejection."). The Greenes contend, and Ab Coaster does not disagree, that when the common ownership requirement is not satisfied, the patent at issue is rendered unenforceable. (Doc. No. 79 at 15) (citing to *In re Van Orum,* 686 F.2d 937, 948 (C.C.P.A 1982) (upholding the common ownership requirement incorporated in 37 C.F.R § 1.321(c)); *In re Griswold,* 365 F.3d 834, 840 (C.C.P.A. 1966) (endorsing co-expiration and common ownership requirements); *Enovsys LLC v. Nextel Communs., Inc.,* No. CV 06-05306, 2008 U.S. Dist. LEXIS 118191, at *6 (C.D. Cal. Feb. 26, 2008) (holding patent unenforceable under terminal disclaimer due to lack of common ownership)).

In this case*,* it is not disputed that terminal disclaimers link the 7,455,633 patent ("the '633 patent") and the '079 patent (Doc. No. 79, Ex. 15), the '445 and the '263 patents *(Id.,* Ex. 16), as well as the '079 and the '263 patents *(Id.,* Ex. 14). It is also undisputed that Ab Coaster

7

was properly assigned the rights to the '633 patent and the '263 patent. (Doc. No. 78, Exs. 2, 3, 4.)  The Greenes argue, however, that Ab Coaster was not properly assigned the '079 patent or the '445 patent.  They conclude, therefore, that there can be no common ownership in any of the three pairs linked by the terminal disclaimers at issue because each pair contains either the '079 patent or the '445 patent.

Thus, the sole issue before the Court at this stage is whether Ab Coaster owns the '079 patent and/or the '445 patent.  There is no dispute that there was no assignment contract specifically related to either the '079 or the '445 patents.  Instead, Ab Coaster argues that these two patents were assigned to it under the '633 patent assignment. The Greenes disagree, asserting that the '633 assignment did not transfer ownership of these other two patents to Ab Coaster. The dispute is now limited to this single question of contractual interpretation.  If there is an issue of material fact as to whether the '633 assignment transferred ownership of the '079 and '445 patents to Ab Coaster, the Greenes' Motion for Summary Judgment must be denied.  If, to the contrary, the '633 assignment manifestly did not transfer ownership of the '079 and '445 patents to Ab Coaster, the Greenes' Motion for Summary Judgment must be granted.

As this Court stated in its previous Order on this Motion, the Court must apply state law "when determining the 'contractual obligations and transfers of property rights including those relating to patents.'" *Regents of Univ. of New Mexico v. Knight,* 321 F.3d 1111, 1118 (Fed. Cir. 2003) (citing *Jim Arnold Corp. v. Hydrotech Sys. Inc.,* 109 F.3d 1567, 1572 (Fed. Cir. 1997)). The Greenes contend that Ohio law applies to the assignment at issue here. Since that assignment contains no forum selection clause, the Court applies the state law of Ohio to the contracts for assignment. *See Euclid Chern. Co. v. Vector Corrosion Techs.,* Inc., No. 1:05CV080, 2007 U.S.

Dist. LEXIS 92005, at *8 (N.D. Ohio 2007) (applying Ohio law to determination of meaning of patent assignment contract), *rev'd on other grounds,* 561 F.3d 1340 (Fed. Cir. 2009).

In Ohio, "if a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Alexander v. Buckeye Pipe Line Co.,* 53 Ohio St.2d 241 (1978).  When the language of a written contract is clear and can be given a definite legal meaning, a court need look no further than the writing itself to find the intent of the parties. *Westfield v. Galatis,* 100 Ohio St.3d 216, 219 (2003).  Where a contract is ambiguous, however, *i.e.,* capable of more than one reasonable interpretation, a court may consider extrinsic evidence to determine the parties' intent. *See Shifrin v. Forest City Enterprises, Inc.,* 64 Ohio St.3d 635 (1992).

The parties agree that the '079 patent and the '445 patent are "continuations-in-part" of application No. 11/607,745, which matured into the '633 patent.  The '079, the '445, and the '633 patents all identify Wallace Brown and Robert W. Nelson as inventors. (Doc. No. 91 at 7, Exs. B, C and E.)  On December 11, 2006, the inventors assigned the '633 patent application to Tristar Products, Inc. and on June 29, 2007, using identical contractual language, Tristar assigned the '633 patent application to Ab Coaster. The relevant language from the assignment is as follows:

> Assignors hereby sell, assign, and transfer to Assignee, the entire right, title, and interest in and to said Invention, and said Patent Application for said Invention in the United States and throughout the world, including the exclusive right to file any provisional, non-provisional, divisional, continuation, continuation-in-part, reissue, foreign, or other applications based on the Invention directly in the name of Assignee and to claim any priority rights to which such applications are entitled under international conventions, treaties, or otherwise.

(Doc. No 78, Exs. 2, 3.)  Ab Coaster argues that "[t]hese Assignments expressly grant all rights to future continuation-in-part applications based on the '633 patent application." (Doc. No. 91 at

7)  Since the '079 and the '445 patent applications are continuation-in-part applications of the '633 patent, Ab Coaster continues, they were legally assigned to Ab Coaster by the '633 patent assignment. The Court found in its prior Opinion and Order that this is a reasonable interpretation of the assignment language. (Doc. No. 136)

The Court found, however, that the Greenes' contrary interpretation of the assignment language was also reasonable.  (Doc. No. 136)  In their reply brief, the Greenes maintained that the assignment of the application for the '633 patent does not "transfer ownership of all future inventions disclosed in later-filed continuation-in-part applications, including the '445 patent and the '079 patent[,] both of which disclose new inventions not disclosed in the application for the '633 patent." (Doc. No. 101 at 4.) The Greenes further argue that "the document grants only the 'right to file' additional applications 'based on the Invention' described in the '633 patent application.  Granting the assignee the procedural 'right to file' related applications . . . is common patent procedure . . . However, this right only extends to the single invention identified in the assignment document, namely the invention disclosed in the application for the '633 patent.  The grant is not to other future inventions first described in later filed patent application[s]."  (Doc. No. 101 at 5)  Thus, Ab Coaster does not possess "the all encompassing rights to later inventions that may be described for the first time in later patent applications." (Id.)  The Court found that interpretation, though in direct conflict with Ab Coaster's reasonable interpretation, to also be reasonable.

Since the Court determined both parties' interpretations to be reasonable, the assignment clause is ambiguous and the Court considers extrinsic evidence to determine the intent of the parties regarding the assignment.  The Greenes, in support of their interpretation, offer the assignments, by same inventors, of two other applications: the D565,134 ("the '134 patent") and

the '263 patent applications.  Those two applications are both, like the '445 and '079 patents at issue here, continuations-in-part of the '633 patent.  The Greenes contend the assignments of the '134 and '263 patents are inconsistent with Ab Coaster's interpretation that the assignment clause of the '633 patents also assigns subsequent continuation-in-part patent applications in their entirety, even with regard to inventions first described in those subsequent applications.  If the '633 patent assignment truly included assignment of continuation-in-part applications in their entirety, the argument goes, there would have been no need to execute separate assignment agreements for the '134 and '263 patents, because they were continuation-in-part applications of the '633 patent and, thus, already assigned to Ab Coaster.  The fact that Ab Coaster found it necessary to execute separate assignments of the '134 and '263 patents demonstrates, urge the Greenes, that Ab Coaster knew the parties had not intended the '633 patent assignment to include the new inventions first described in the '134 and '263 patents.  By the same rationale, the Greenes argue that the parties had not intended the '633 patent assignment to include new material first described in the '445 or '079 patents.

At the hearing on this Motion, however, Ab Coaster's counsel suggested the "reexecution" of the assignments of the '134 and '263 patents merely resulted from an abundance of caution of Ab Coaster, what counsel described as Ab Coaster's "belt and suspenders" approach, precisely to avoid a dispute as to whether they owned those patents already as continuations in part.  Thus, argues Ab Coaster, it should not be penalized for its thoroughness in tying up those patent assignments by being subject to an adverse inference when it failed to exercise excessive caution with regard to the '079 and '445 patents.  Ab Coaster also distinguishes between a hypothetical situation, in which new material in a continuation in part

patent is invented by a third-party, and this situation, where the material was invented by the same inventors.

Ab Coaster contends that while new material invented by third parties and disclosed in continuation in part applications may not have been considered assigned by the '633 application, the material at issue here was invented by the same inventors and constitutes a part of the same invention that is the subject of the underlying '633 application.  Most significantly, Ab Coaster submitted three declarations from the original parties to the assignment (prior to the subsequent assignment from Tristar to Ab Coaster), the two inventors (Brown and Nelson) and the CFO of Tristar (Steven Sowers).  All parties declared they had intended their original "Utility Patent Assignment" which assigned the '633 patent from the inventors to Tristar to include the subsequent continuation in part applications which became known as the '445 and '079 patents. (Declaration of Robert W. Nelson, Declaration of Wallace Brown, Declaration of Steven Sowers).

This evidence of the original parties' intent as to the assignment creates a genuine issue of material fact sufficient to defeat Plaintiffs' Motion for Summary Judgment.  Indeed, Plaintiffs' evidence of implied intent is directly contradicted by the declarants' statements, particularly as the declarants no longer have any apparent interest in the patents at issue.  The evidence of the parties must now be weighed by a finder of fact.  Thus, resolution of the case on summary judgment is not proper.  Neither party can prove their reasonable interpretation of the assignment is the correct one as a matter of law.  As a result, Plaintiffs' motion for a declaratory judgment on the claim that the '079, '445, and '263 patents cannot be enforced by Ab Coaster is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Summary Judgment is hereby

**DENIED**.

      **IT IS SO ORDERED.**

                                  **s/ Algenon L. Marbley**

                              **ALGENON L. MARBLEY**
                              **UNITED STATES DISTRICT JUDGE**

**DATED: November 27, 2012**